[Civ. No. 1948.    Second Appellate District.—September 12, 1916.]

## HIRAM H. MORE, Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF SAN BERNARDINO et al., Respondents.

San Bernardino County Charter—Amendment Concerning County Officers — Effect of.—The amendment to the charter of the county of San Bernardino approved by the electors at the general election held in November, 1914, and approved by the legislature by resolution which was filed with the Secretary of State January 30, 1915 (Stats. 1915, p. 1727), which, without naming any of the seven articles contained in such charter, purported to strike from such instrument "sections 4, 5 and 6 of said charter" and insert in lieu thereof the following amendment to be known as section 4 thereof, to wit: "Section four (4): All county officers other than supervisors of said county shall be elected at each general election by the qualified electors of said county as is now, or may be hereafter provided by general law, and all deputies and assistants to such county officers shall be appointed as is now or may be hereafter provided by general law; and the powers and duties of such officers, deputies and assistants shall be such as are now or may be hereafter provided by general law, and any part of this charter in conflict herewith is hereby repealed," is fatally defective as an attempted direct repeal of any sections of the original charter, because it is impossible to determine what sections of the charter are intended to be repealed; but such amendment is effective in that it adds to the charter a new section, and by so doing impliedly repeals those provisions contained in the original charter which relate to the same subject matter as the new section and are in conflict therewith.

Id.—County Officers—Sheriff and Coroner—Charter Provisions not Repealed by Amendment.—Section 1 of article II of the

charter of the county of San Bernardino which provides for certain county officers, including a sheriff and a coroner, and section 2 of the same article which provides that the sheriff shall be *ex-officio* coroner, were not repealed either expressly or impliedly by the charter amendment adopted at the general election held in November, 1914.

Id.—Consolidation of Offices of Sheriff and Coroner — Valid Charter Provision.—The office of coroner is a separate office from that of sheriff, with separate duties and powers as provided by law, and when the sheriff is performing the duties of coroner he is in contemplation of law the coroner of the county as distinctly and completely as any other duly appointed or elected person would be when lawfully performing those duties, and therefore, the powers and duties pertaining to the office of coroner are not affected by the charter provision that the person appointed as sheriff shall also be the coroner.

Id.—Officers Provided for by Charter not Abolished by Amendment.—Such amendment in providing that all county officers other than the supervisors shall be elected as is now or may be hereafter provided by general law, and that the powers and duties of such officers shall be such as are now or may be hereafter provided by general law, did not intend to refer only to those officers provided for by general law, and thereby eliminate some county officers provided for by the charter and not by general law, so that such offices ceased to exist.

Id.—Charter Provisions as to Consolidation of County Offices— Section of Political Code—Provisions not Superseded by.—The provisions of the charter of the county of San Bernardino with respect to the consolidation of county offices, even under such charter amendment, are not superseded by the terms of section 4017 of the Political Code upon the same subject, and which does not provide for the consolidation of the offices of sheriff and coroner, in view of section 7½ of article XI of the constitution, which provides that county charters shall provide "for the consolidation and segregation of county offices."

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, and J. W. Curtis, Judges.

The facts are stated in the opinion of the court.

Rex B. Goodcell, and Robt. M. McHargue, for Appellant.

T. W. Duckworth, and John L. Campbell, for Respondents.

CONREY, P. J.—In this proceeding the plaintiff applied for a writ of *mandamus* requiring the defendants to appoint some fit and proper person to the office of county coroner of the county of San Bernardino, the plaintiff claiming that there is a vacancy in that office. From a judgment in favor of the defendants, plaintiff appeals.

Pursuant to the provisions of section $7\frac{1}{2}$ of article XI of the constitution of California, the charter for the county was adopted at the general election of 1912 and thereafter approved by the legislature. (Stats. 1913, p. 1652 et seq.) That charter consists of seven articles; six of those articles contained sections numbered 4, 5, and 6. Section 4 of article I made it the duty of the board of supervisors, at its first regular meeting after noon of the first Monday after the first day of January, 1915, to appoint each and all of the county officers provided for by the charter or by general law, for a term of four years. Sections 5 and 6 of that article relate to the appointment and duties of deputies in the several county offices.

At the general election held in November, 1914, the electors of San Bernardino County approved an amendment to the county charter, which amendment was duly approved by the legislature by resolution which was filed with the Secretary of State January 30, 1915. (Stats. 1915, p. 1727.) That amendment, without naming any article of the charter, purported to strike from the charter "sections 4, 5 and 6 of said charter" and insert in lieu thereof the following amendment to be known as section 4 thereof, to wit: "Section four (4): All county officers other than supervisors of said county shall be elected at each general election by the qualified electors of said county as is now, or may be hereafter provided by general law, and all deputies and assistants to such county officers shall be appointed as is now, or may be hereafter provided by general law; and the powers and duties of such officers, deputies and assistants shall be such as are now or may be hereafter provided by general law, and any part of this charter in conflict herewith is hereby repealed."

Section 1 of article II of the charter provides for certain county officers, including a sheriff and a coroner. Section 2 of the same article provides that "The following county officers are hereby consolidated: . . . (b) The sheriff shall be *ex officio* coroner." (Stats. 1913, p. 1656.) Section 4 of

article II provides that "Each county officer shall have the powers and perform the duties now or hereafter prescribed by general law as to such officer, except as otherwise provided by this charter; and shall have and perform such other powers and duties as are or shall be prescribed by this charter."

As an attempted direct repeal of any sections of the original charter the amendment is fatally defective, because it is impossible to determine what sections of the charter are intended to be repealed. But the amendment is effective in that it adds to the charter a new section, and by so doing impliedly repeals those provisions contained in the original charter which relate to the same subject matter as the new section and are in conflict therewith. The county officers appointed in January, 1915, will continue to hold their offices until the time regularly appointed by general law for the election of county officers; at which time their successors will be elected the same as if the present officers had been elected under the general law. The charter amendment does not state what county officers shall exist in San Bernardino County. Those officers are designated by sections 1 and 2 of article II, and there is no inconsistency between the amendment and these two sections which would require us to hold that the latter are repealed by implication. The office of coroner is a separate office from that of sheriff, with separate duties and powers as provided by law. The sheriff by virtue of his appointment as sheriff becomes coroner of the county; he is "ex officio coroner." When performing the duties of a coroner he is in contemplation of law the coroner of the county as distinctly and completely as any other duly appointed or elected person would be when lawfully performing those duties. Upon the facts of this case we think that there is no sound reason for holding that the office of coroner of San Bernardino County is at this time vacant.

Counsel for plaintiff insist that the amendment, in providing that all county officers other than supervisors shall be elected as is now or may be hereafter provided by general law, and that the powers and duties of such officers shall be such as are now or may be hereafter provided for by general law, intended to refer only to those officers provided for by general law; and that thereby the amendment eliminated some county officers provided for by the charter. Article IV of the charter provides for a county purchasing agent and

article VI for a county highway commissioner; defining their powers and duties. It is contended that since the general law does not provide any powers or duties for either of these officers, the offices no longer exist. From this it is argued that the provisions of the charter as to consolidation of certain county officers are no longer effective because such consolidation affects directly and materially the powers and duties of the officer. But we think that the consequences thus contended for do not follow. As we have above suggested, the powers and duties pertaining to the office of coroner are not affected by providing that the person appointed as sheriff shall also be the coroner. Neither do we see any reason for holding here that the offices of county purchasing agent and county highway commissioner are abolished by this amendment. The general law of the state provides for certain county officers, among whom are a sheriff and a coroner, and "such other officers as may be provided by law." (Pol. Code, sec. 4013.) The charter of San Bernardino county is a law. If by general law the legislature shall hereafter prescribe the duties of a county purchasing agent or of a county highway commissioner, such designation of the duties of the office will (under the above quoted amendment of 1915) supersede the description of those duties as now contained in the charter. In the meantime the designation of those duties as contained in the charter is not in conflict with any general law, since the general law has not spoken upon the subject. For these reasons we do not agree with counsel for plaintiff in their contention that the charter is no longer of any effect either as to what county offices exist or as to how they shall be filled or as to what shall be their powers and duties.

Our attention is directed to the fact that in sections 4017 and 4018 of the Political Code it has been enacted that boards of supervisors of counties may by ordinance consolidate the duties of certain officers named in section 4017, and that the consolidation of the duties of sheriff and coroner is not included therein. So it is urged that the effect of the provision of the charter that the sheriff shall be *ex-officio* coroner is to impose upon him duties not imposed upon him by general law; and that under the very terms of the 1915 amendment the powers and duties of sheriff are limited to those provided by general law. Some light may be thrown

upon this matter by referring to section 7½ of article XI of the state constitution, which authorizes the framing of charters by counties for their own government. It is therein provided (subd. 4) that county charters shall provide "for the powers and duties of boards of supervisors and all other county officers, for their removal and *for the consolidation and segregation of county offices,* and for the manner of filling all vacancies occurring therein; provided, that the provisions of such charters relating to the powers and duties of boards of supervisors and all other county officers shall be subject to and controlled by general laws." Thus it is seen that when the 1915 amendment of the San Bernardino County charter states that the powers and duties of the county officers shall be such as are or may be provided by general law, it merely repeats in substantially the same words the terms of the constitution on the same subject. Therefore, it is the constitution rather than the charter which constitutes the effective declaration of law upon the subject; a declaration which in the same paragraph above quoted, of the constitution, authorizes county charters to provide for the consolidation of county offices. Having in view these provisions of the constitution, we think that even under the charter amendment there is no valid ground for holding that the charter provisions with respect to the consolidation of county offices are now superseded by the terms of section 4017 of the Political Code upon the same subject.

The judgment is affirmed.

James, J., and Shaw, J., concurred.