[Civ. No. 7236.  First Appellate District, Division One.—March 18, 1930.]

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. F. ALLEN MOORE et al., Defendants; ELIZABETH M. JOHNSON et al., Respondents.

530

R. L. Horton for Appellant.

Wilbert C. Hamilton and Charles H. Dummer for Respondents.

GRAY, J., *pro tem.*—In this action to foreclose a materialman's lien the court, in accordance with the admissions and stipulations of the parties, found that respondent Johnson, the owner of the land involved, contracted with defendant Moore for the construction of a building on that land; that appellant sold to defendant Moore building material, which was actually used by him in such construction, but for which payment had never been made; that appellant recorded in the office of the county recorder its claim of lien in the manner, form and time required by section 1187 of the Code of Civil Procedure, but never filed any notice of its lien, as required by section 93 of the "Land Title Law"

(Stats. 1915, p. 1932); that, prior to the furnishing of any material, the title to said land had been registered under the "Torrens Law" (Stats. 1897, p. 138, superseded by the "Land Title Law"); and that a deed of trust, conveying such land in trust, as security for a note owned by respondent Cressey had been registered, subsequent to the commencement of furnishing such material. From these findings the court concluded that appellant was entitled to a personal judgment against defendant Moore, but that it had no lien upon said land because of its failure to file its notice of lien as required by said section 93. Appellant appeals from the judgment denying it a lien, in accordance with the conclusions of law, urging that such conclusions are erroneous (1) because said section 93 is unconstitutional in that (a) it, by unreasonable increase of procedure, violates article XX, section 15, of the Constitution creating mechanics' liens and commanding and restricting the legislature to provide for their speedy and efficient enforcement, and (b) the omission in the title—"Land Title Law"—of the subject of said section—mechanics' liens—makes said section void under article IV, section 24, of the Constitution, and (2) because, as a matter of construction, the "Land Title Law," which is a general law, cannot amend the Mechanics' Lien Law, which is a special law, enacted in the code.

▊ At the outset, we feel that respondents' argument, that, as the "Land Title Law" was adopted, by initiation, it is equal in force and effect and unrestricted by the Constitution, is incorrect. (*Wallace* v. *Zinman*, 200 Cal. 585 [62 A. L. R. 1341, 254 Pac. 946].) That decision is also authority adverse to their contention that article IV, section 24, requiring the subject of an act to be expressed in .its title, is not here applicable, because the law in question is an initiatory measure. ▊ Furthermore, the reasoning of that case satisfies us that the mandate, limitation and restriction, literally imposed upon the legislature by article XX, section 15, is also obligatory upon the people when legislating by the initiatory method.

The relation between the right to a lien and the mandate for legislative provision for its enforcement is well stated in *Diamond M. Co.* v. *Sanitary F. Co.*, 70 Cal. App. 695, at page 701 [234 Pac. 322, 325], as follows:

"The right of mechanics, materialmen, etc., to a lien upon property upon which they have bestowed labor, or in the improvement of which materials which they have furnished have been used, for the value of such labor or materials, is guaranteed by the Constitution, the mode and manner of the enforcement of such right being committed to the legislature. (Art. XX, sec. 15, Const.) Manifestly, the legislature is not thus vested with arbitrary power or discretion in attending to this business. Indeed, rather than power so vested in the legislature, it is a command addressed by the Constitution to the law-making body to establish a reasonably framed system for enforcing the right which the organic law itself vouchsafes to classes named. Clearly, it is not within the right or province of the legislature, by a cumbersome or ultra-technical scheme designed for the enforcement of the right of lien, to impair that right or unduly hamper its exercise. Every provision of the law which the legislature may enact for the enforcement of the liens mentioned in section 15 of article XX of the Constitution must be subordinate to and in consonance with that constitutional provision. (*Hampton* v. *Christensen,* 148 Cal. 729, 737 [84 Pac. 200].)"

Does section 93 of the "Land Title Law" impair the right to lien or unduly hamper its exercise? If so, such section must be held unconstitutional as violative of article XX, section 15. Section 93 reads as follows:

"Notice of liens under the provisions of the mechanics' lien laws of this state shall be filed in the registrar's office, and a memorial thereof entered by him upon the register, as in the case of other charges, and such liens may be enforced as now or hereafter allowed by law. Until such notice is so filed and registered, no lien shall be deemed to have been created."

Before such notice can be filed or affect the title of the land, or impart any notice, it "must have noted thereon a statement of the fact that the land sought to be affected is registered land, with the name of the registered owner and with the number . . . of the certificate . . . of the last registration thereof." (Sec. 47 of the act.) As to similar matters, section 1187 of the Code of Civil Procedure requires that the claim of lien shall be recorded in the office of the county recorder, and shall give the name of the

owner or reputed owner,. if known, and a description of the property sufficient for identification. No error in the description of the property ·invalidates the lien unless the property has passed to an innocent purchaser without notice direct or constructive. (Code Civ. Proc., sec. 1203.) The requirement of said section 93 for an additional filing of a notice does not appear to be unduly burdensome. ■ Nor can it be said that the requirement of said section 47 as to the matters to be stated on such notice .unduly hampers the enforcement of the lien, because such information can be readily obtained by an examination of the. "register of titles," provided by section 29 of the act. Such additional labor in the preparation of the notice of lien lessens the work preparatory to filing the foreclosure complaint, because this examination provides the names of the defendants who are interested in the land.

■ Appellant argues that as the subject of mechanics' liens treated in section 93 is not expressed in the title of the act—"Land Title Law"—such section is void (Const., art. IV, sec. 24). In holding untenable a similar attack, broader, but inclusive of the same point, upon the "Torrens Law," the Supreme Court in *Robinson* v. *Kerrigan,* 151 Cal. 40, 50 [121 Am. St. Rep. 90, 12 Ann. Cas. 829, 90 Pac. 129, 133] (approved in *Frances Investment Co.* v. *Superior Court,* 189 Cal. 107 [208 Pac. 105]), used the following language, here decisive:

"These provisions relate to the subjects of felonies, county officers, county government, principal and surety, attorneys at law, judgments, liens,. procedure, and adverse claims, respectively, and it is claimed that the act is void because none of them are mentioned in the title. And it is intimated that if they were mentioned, the law would be contrary to the mandate of the Constitution that the act shall embrace but one subject. If the first proposition is well taken, it is certain that the second is also established. But the mere statement of the objection is almost sufficient to refute it. While it is true that none of the subjects thus designated is expressed in the title, they are all germane to the general subject there expressed, and, taken together, they compose a part of the general scheme, and are appropriate to effect the main object of the law. Further examination would have disclosed a large number of such 'sub-

jects' in the body of the act which are not mentioned in the title. The same criticism might be made of many acts on a general subject which have always been considered as valid. The act establishing the scheme is the appropriate place for provisions necessary to make it effective and symmetrical. If it were necessary to mention every subdivision of the general subject of an act in the title to the extent here claimed, our statutes would present a somewhat ludicrous appearance. The statement of the subject in the title would generally occupy almost as much space as the act itself. Furthermore, if subjects, as intended by the Constitution, must be so minutely subdivided, it would be impracticable to enact any comprehensive law on any general subject, by reason of the necessity of dividing it into so many separate acts. The provision must receive, and it has received, a more liberal construction. The word 'subject' is given a broader meaning. (*People* v. *Mullender,* 132 Cal. 217 [64 Pac. 299].) All the provisions objected to as constituting a different subject are reasonably necessary as means for attaining the object of the act indicated by the subject which is expressed, and hence they are considered as included in the title, as subdivisions of the general subject there stated. (*People* v. *Parks,* 58 Cal. 636; *Ex parte Liddell,* 93 Cal. 633 [29 Pac. 251]; *Hellman* v. *Shoulters,* 114 Cal. 136 [44 Pac. 915, 45 Pac. 1057]; *People* v. *Linda Vista Irr. Dist.,* 128 Cal. 477 [61 Pac. 86]; *Deyoe* v. *Superior Court,* 140 Cal. 476, 488 [98 Am. St. Rep. 73, 74 Pac. 28].) We think the title to the act sufficiently expresses the subject to which it relates, and that it embraces but one general subject.''

The single subject of the act, expressed in its title, is the establishment of a system for the registration of title to land whereby the official certificate will always show the state of the title and all interests therein (*Pioneer etc. Guaranty Co.* v. *Feraud,* 91 Cal. App. 278 [267 Pac. 134]). The manner of enforcement of mechanics' liens is a detail in the accomplishment of such purpose and is therefore logically germane to the title of the act and included within its scope (*Buelke* v. *Levenstadt,* 190 Cal. 684 [214 Pac. 42]; *Estate of Wellings,* 192 Cal. 506 [221 Pac. 628]).

We are unable to see the pertinency of appellant's argument that, as a matter of construction, section 93 cannot

be held amendatory of, or in anywise affecting section 1187, because the former is a general law and the latter is a special one, enacted in the code. No such question has arisen because a comparison of their respective terms discloses no irreconcilable inconsistency in the treatment of the same subject (*Riley* v. *Forbes,* 193 Cal. 740 [227 Pac. 768]). Section 93, in its first sentence, after expressly recognizing the provisions of the Mechanics' Lien Law, does not purport to supersede the requirements of the code section, as to recordation of the claim of lien and its contents, but merely supplements that section, by adding a new procedural step, in requiring the filing of another notice in a different form and place. ■ It may be that the second sentence of section 93, by denying the creation of a lien unless the notice is filed, violates the forepart of article XX, section 15, of the Constitution, granting a lien. However, we are only here concerned with the first sentence, which, because it is distinct and separate from the second sentence, is not affected by the latter's invalidity. (5 Cal. Jur. 643.)

■ Assuming the pertinency of the argument, it is fallacious, because the "Land Title Law" is a special act and controls earlier enacted code provisions in conflict therewith. (*Gill* v. *Johnson,* 103 Cal. App. 234 [284 Pac. 510].) Our conclusions are in accord with prior decisions holding other similar sections of the "Land Title Law" applicable to the enforcement of a lien, created under Street Improvement Act of 1913 (*Hayes* v. *Handley,* 182 Cal. 273 [187 Pac. 952]), created by "Improvement Act of 1911" (*Rutledge* v. *City of Eureka,* 195 Cal. 404 [234 Pac. 82]), and for nonpayment of taxes. (*In re Seick,* 46 Cal. App. 363 [189 Pac. 314].)

■ Lastly, appellant urges that it should not be deprived of its lien, since the recorder, being the same person who is registrar (sec. 1 of Land Title Law) should have entered a memorial of it in the "register of titles." But identity of person does not create an identity of office and the duties thereof (*More* v. *Board of Supervisors,* 31 Cal. App. 388 [160 Pac 702]). As above noted, section 47 requires certain information, not contained in the claim of lien to be noted on the notice of lien and prohibits the registrar from filing the notice without such information and further provides that a notice, not having noted thereon

this information, does not affect the title to the land. Obviously, if the recorder, as registrar, had filed the claim of lien as a purported notice of lien, it would have been an idle act (*Pioneer etc. Guaranty Co.* v. *Feraud, supra*).

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.