**In re GRODZINS.**

No. 31829.

District Court, S. D. California,
Central Division.

May 20, 1939.

I. F. Parker, of Los Angeles, Cal.,
for Trustee in Bankruptcy.

Amos Friedman, of Los Angeles, Cal.,
for bankrupt.

522

A. J. Cathcart, of Los Angeles, Cal., for Mortgage Guarantee Co.

Walter Desmond, Jr., of Los Angeles, Cal., for Superintendent of Banks in charge of liquidation of Belvedere State Bank, State of California.

YANKWICH, District Judge.

Review of Order of Referee sustaining exceptions of the bankrupt to the Trustee's report of exempt property.

The question which calls for determination and the facts under which it arises, as they appear from the record and the Referee's Opinion and Order, are:

The property involved consists of a parcel of real property registered by the bankrupt under the Land Title Law of California (known as the "Torrens Act") [Calif.Stats.1915, p. 1932, Deering's General Laws of California 1937, Act 8589] on July 12, 1934.

No question is raised as to the sufficiency, in form and content, of the homestead declaration. The Trustee contends, however, that, because the bankrupt's declaration of homestead is registered in the manner provided by law for the registration of liens and interests in real property which have been registered under the Torrens Act and was not recorded in the book of homesteads, kept by the Recorder in the office of the County Recorder, it is null and void.

The Referee found that on the 12th day of July, 1934, the agent of the bankrupt took the declaration of homestead to the office of the County Recorder of Los Angeles County. When he entered the Recorder's office, he took it to the receiving window, where a man in charge, presumably a Deputy Recorder, received it. On noticing that the homestead declaration was on registered land, he directed the bankrupt's agent to take it to another desk across the aisle.

There was no notice posted or other indication that the counter to which he was directed was not a part of the County Recorder's office. The document was then delivered to the Deputy at that desk, who registered it as required by the Torrens Act; a notation was placed on the Torrens Title Certificate and also on the copy owned by the bankrupt.

The deputy also made this notation on the original instrument, which he retained: *"Filed for record at request of Dora Grod-zins,* Date July 12, 1934, at 5 minutes past 4 P.M. Entered on certificate No. 77903, Vol. In, page 77903, C. L. Logan, Register of Titles, Los Angeles County, California, by F. Levy, Fee 50 cents."

Was a homestead created?

■ A declaration of homestead is a nullity unless all the conditions precedent prescribed in the Code, *including recording* (California Civil Code, Sec. 1269), are complied with strictly. See California Civil Code, Secs. 1262–1269; Ashley v. Olmstead, 1880, 54 Cal. 616; Tappendorff v. Moranda, 1901, 134 Cal. 419, 66 P. 491; Jones v. Gunn, 1906, 149 Cal. 687, 87 P. 577; Olds v. Thorington, 1920, 47 Cal.App. 355, 190 P. 496. This interpretation has been criticized as illiberal and as not in accord with the beneficent object of the homestead law. See Comment, 26 California Law Review, 1938, 241–250. However, this is the view of California courts. And we are bound to follow it. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ The Torrens Act does not dispense with the need for this compliance. It does not purport to amend or repeal the homestead provisions of the Code. Amendments or repeals by implication are not favored. If effect can be given to two enactments, we must do so. Peters v. Bigelow, 1934, 137 Cal.A. 135, 30 P.2d 450; In re Bank of San Pedro, 1938, 11 Cal.2d 313, 79 P.2d 1057.

■ And the Torrens Act contains no direct reference to homesteads. But even if it did, the result would be, as I think it is, to require *registration* as well as *recordation* of a declaration of homestead.

The adoption of the Torrens Act, long after the enactment of the general homestead provisions of the Code, *does not,* necessarily, call for a determination that it was intended to supersede the Code requirements as to homesteads, so far as they affect registered land.

■ When there is no inconsistency between a new requirement applicable to a particular form of instrument and one applicable generally to the subject, courts consider the later requirement as merely *an added requirement.*

In Washington Lumber & Millwork Co. v. McGuire, 1931, 213 Cal. 13, 1 P.2d 437, 439, the court had under consideration a provision of the California Vehicle Act

requiring the registration of chattel mortgages on automobiles with the Department of Motor Vehicles. It was argued that this took mortgages on motor vehicles out of the general requirements contained in the Civil Code. But the Supreme Court ruled the other way, saying:

"The meaning of this amendment, considered in connection with the Civil Code sections, is that registration with the division is essential, *but is not exclusive of all other statutory requirements*. It is still necessary that the parties execute a proper chattel mortgage, with its affidavit of good faith; and that this mortgage be recorded in the county where the mortgagor resides and where the property is. These statutory protections to creditors and purchasers are not superseded but supplemented by the requirement of registration with the division. If this be true of a chattel mortgage, it must also be true of transactions covered by section 3440, for, as already pointed out, the theory of our legislation in this connection is that the change of possession required by section 3440 is the equivalent of recordation as required by the chattel mortgage sections, Ruggles v. Cannedy, supra [127 Cal. 290, 53 P. 911, 59 P. 827, 46 L.R.A. 371]; see 17 Cal.L. Rev. 50.

"It must be concluded, therefore, that whatever reasons of policy or practical expediency might be advanced in favor of defendant's proposition the Legislature has given no indication of an intention to exclude the transfer of motor vehicles from the provisions of section 3440, and, without such an indication, we must hold the section applicable to them." Washington Lumber & Millwork Co. v. McGuire, supra, 213 Cal. 13, 1 P.2d at page 439.

And see, Bush v. Bank of America National Trust & Savings Ass'n, 1934, 1 Cal. App.2d 588, 37 P.2d 168.

The courts of California have used like reasoning in cases arising under the Torrens Act when it was claimed that additional requirements therein dispense with or conflicted with general requirements under other statutes. Thus, although the Torrens Act (Sec. 93 of the Act, St.1915, p. 1946) specifically requires a notice of a mechanic's lien to be filed in the registrar's office and a memorial of it entered upon the register, courts have held that this *does not* dispense with the need to record the mechanic's lien under Section 1187 of the California Code of Civil Procedure.

Thus, Hammond Lumber Co. v. Moore, 1930, 104 Cal.App. 528, 286 P. 504, 506, 507: "Section 93, in its first sentence, after expressly recognizing the provisions of the Mechanics' Lien Law, does not purport to supersede the requirements of the Code section, as to recordation of the claim of lien and its contents, but merely supplements that section, by adding a new procedural step, in requiring the filing of another notice in a different form and place."

There is no inconsistency in the double requirement of recording and registration of homesteads on registered land.

While thus agreeing with the main contentions of the petitioners, I am, nevertheless, of the view that the Referee was right in his ultimate conclusion.

A reading of the transcript of the hearing and a study of the exhibits, and giving full credit to the inferences which a Referee may draw from oral testimony, warrant the conclusion that the evidence supports his finding that the declaration of homestead was deposited "in the Recorder's office, with the proper officer, for record."

This was a filing "for record", which, under California law, is tantamount to actual recording. (California Civil Code, Secs. 1170, 1262) "From and after the time the declaration is *filed for record*, the land described therein is a homestead". California Civil Code, Sec. 1269.

I believe that this case presents a situation in which the liberal rule of interpretation applicable to a homestead (See In re Sterling, D.C.Cal.1937, 20 F.Supp. 924) should be given full scope.

The validity and good faith of all the steps leading to the filing of the declaration of homestead are beyond question. The declaration was made simultaneously with the execution of a deed to the declarant, and was presented for record, at the same time.

All this antedated the bankruptcy by nearly four years, during which time, there has been constant occupancy of the premises as a home, and no abandonment. Under the circumstances, I feel that the bankrupt should not be penalized for the failure of the Deputy Recorder, after receiving the instrument and marking it "filed for record", to actually record it.

The words "filed for record" used on the official stamp have no meaning ex-

cept as they relate to instruments *required or allowed to be recorded.* See California Civil Code, Secs. 1158–1173; 1262–1269. They imply the filing of an original instrument, its recording, and the return of the original to the person requesting the recording. California Civil Code, Secs. 1169–1171. The Torrens Act *does not, in any of its one hundred and fifteen sections, call for recording, but for registration.* Each instrument, when filed, is entered on the original certificate of title and the copy in the hands of the owner, and is retained by the Registrar.

 A legend "filed for record" placed on an instrument by a deputy recorder, who is also deputy registrar, means that it was left with him and he has it for *the purpose of recording.* The further notation of his capacity as "Registrar" cannot defeat this purpose.

These views gather strength from the fact that the filing is complete when deposited with the proper officer, whether he actually notes and endorses on it the filing or not. This because his endorsement is not a part of the filing. See Morton v. Sloan, 1929, 96 Cal.App. 747, 275 P. 223; In re Sankey's Estate, 1926, 199 Cal. 391, 249 P. 517. As said by the Court in Andrews v. Metzner, 1927, 83 Cal.App. 764, 257 P. 203, 205:

"The construction sought to be placed by the appellants upon the word 'filed' as used in section 1704, Code of Civil Procedure, is not justified by the many decisions in relation to the meaning of this word that have been made by the appellate courts of this jurisdiction and of other states.

" 'A paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause. * * * Filing a paper consists in *presenting it at the proper office, and leaving it there,* deposited with the papers in such office. *Indorsing it at the time of filing is not a necessary part of filing.* * * * A paper is filed of record, in contemplation of law, when it is delivered to the proper official with *the intention that it shall become part of an official record,* and *the filing thus made is not impaired by the clerk's failure or refusal, without good cause, to receive and record the same as filed in the* records of his office.' " (Italics added.)

The Order of the Referee, dated February 3, 1939, sustaining the exceptions of the bankrupt to the Trustee's Report of exempt property, is affirmed.

Exception to the petitioners.