[Civ. No. 9150. Fourth Dist., Div. One. Mar. 25, 1969.]

ALTA-DENA DAIRY, Plaintiff and Appellant, v. COUNTY OF SAN DIEGO et al., Defendants and Respondents.

Dannemeyer & Tuohey, William E. Dannemeyer, Woolley, Collins & Ward for Plaintiff and Appellant.

Bertram McLees, Jr., County Counsel, McInnis, Focht & Fitzgerald, McInnis, Fitzgerald & Wilkey, Laurence L. Pillsbury, Walker, Walker & Gann and Russell W. Walker for Defendants and Respondents.

Thomas C. Lynch, Attorney General, and Jan S. Stevens, Deputy Attorney General, as Amici Curiae on behalf of Defendants and Respondents.

AULT, J. pro tem.*—Alta-Dena Dairy, a partnership consisting of Harold J. J. Stueve, Edgar E. Stueve and Elmer Stueve, appeals from a judgment of dismissal entered after a demurrer was sustained to its third amended petition for writs of mandate, certiorari and prohibition. The petition is directed against the County of San Diego and its Director of Public Health, Dr. J. B. Askew, M.D. The court sustained general demurrers to all six counts of the petition, expressly refrained from ruling on special demurrers and motions to strike, and granted 30 days to amend. Alta-Dena Dairy and its partners (Alta-Dena), elected to stand on the pleading and the dismissal followed.

In the first four causes of action Alta-Dena seeks mandate together with monetary damages from Dr. Askew and the County of San Diego. The fifth cause of action asks for certiorari and the sixth for prohibition. All of the causes of action set forth in the petition contain the same factual allegations, but in each relief is sought on different theories of law. For that reason, in discussing the pleading to ascertain whether a cause of action is stated, we will generally refer to the petition as a whole and not to the individual causes of action.

In the oral argument in this court, Alta-Dena's attorney announced his intention to abandon the fourth cause of action and any claim for monetary damages against the County of San Diego and Dr. Askew. We accept that abandonment and therefore will not comment on those aspects of the appeal.

Alta-Dena is located in the County of Los Angeles. It produces and distributes raw milk. The controversy before us arose as the result of an order contained in a letter dated January 19, 1966, from Dr. Askew to Alta-Dena which reads:

"The Public Health Laboratory of this department recently isolated bacterial organisms known as coagulase positive staphylococci from bottled unpasteurized milk originating from your dairy. These organisms are pathogenic to man.

---

*Assigned by the Chairman of the Judicial Council.

"Upon receipt of this letter, you are hereby notified to discontinue the production of raw milk for sale and to pasteurize all milk produced at your dairy for distribution in San Diego County. This order will remain in effect until such time as you can prove to this department that the raw or unpasteurized milk from your dairy is free of pathogenic organisms and this department authorizes in writing the sale of raw milk from your dairy. The authority for taking this action is found in Section 2528 of the California Administrative Code, Title 17 which states as follows:

" '2528. When the local health officer has good cause to believe that a milk supply is suspected to be the source of infection for any one of the communicable diseases known to be transmitted through or suspected of being transmitted through milk, the health officer shall prohibit the use, sale or disposal of such milk, except by a method approved by him, until such time as he deems it to be safe for human consumption.'

"If you have any questions regarding this matter, you may wish to contact Mr. Walshe, Mr. Whitman or Dr. Murphy of this department at 239-7711, Extension 420."

Alta-Dena, after an informal and unsuccessful attempt to obtain relief from this order, filed its petition in the trial court. Throughout its pleading and on appeal, it concedes its certified raw milk did and does contain a small quantity of staphylococci aureus coagulase positive. The first cause of action for mandate is based upon the theory of an alleged denial of substantive and procedural due process. Factually, it is alleged: certified raw milk cannot as a practical matter be produced without the presence of a small quantity of staphylococci aureus coagulase positive; the presence of a small quantity of that bacteria in its milk does not render the milk harmful to man, unsafe for human consumption, or make it a source of infection for one of the communicable diseases known to be or suspected of being transmitted through milk; this quantity of bacteria has been present in certified raw milk for over 60 years and no one has been made ill by its consumption, and staphylococci aureus coagulase positive is neither an infection nor a disease. It is further alleged the action taken by Dr. Askew was without notice or hearing and by reason of the action taken Alta-Dena has been improperly and unlawfully precluded from the enjoyment of a valuable property right, that is, the right to distribute and sell its certified raw milk in San Diego County.

Respondent Askew's authority to prohibit the distribution and sale of appellant's certified raw milk must be based upon the provisions of section 2528 of title 17 of the California Administrative Code, cited in his letter of January 19, 1966. As a prerequisite to taking action, that section requires the local health officer to have good cause to believe the "milk supply is suspected to be the source of infection for any one of the communicable diseases known to be transmitted through or suspected of being transmitted through milk."

The factual allegations in the petition support a conclusion directly to the contrary.

Furthermore, section 2528 provides the health officer shall prohibit the sale of suspected milk "until such time as he deems it to be safe for human consumption." Since the power to prohibit the sale of milk ends when milk is safe for human consumption, it necessarily follows such power begins when that standard is not met. Application of any lesser standard would result in an invalid exercise of the police power not reasonably related to the health, convenience, comfort, safety and morals of the public. (See *Frost* v. *City of Los Angeles,* 181 Cal. 22, 28 [183 P. 342, 6 A.L.R. 468].) The petition unequivocally alleges Alta-Dena's certified raw milk, despite the presence of staphylococci aureus coagulase positive in small quantity, is not harmful to human beings and is safe for human consumption.

Respondents, however, rely on the well recognized exception to the general rule that in testing the sufficiency of the pleading on demurrer, matters judicially noticed will be considered and will prevail over contrary allegations contained in the pleading. (*Chavez* v. *Times-Mirror Co.,* 185 Cal. 20, 23 [195 P. 666]; *Livermore* v. *Beal,* 18 Cal.App.2d 535, 540 [64 P.2d 987].) They contend certain regulations, reports and documents of which the court must take judicial notice establish staphylococci aureus coagulase positive is a communicable disease transmitted through milk and since appellant concedes its presence in its certified raw milk, no issue of fact is raised by the petition and the demurrer was properly sustained. We have examined the items and sources upon which respondents rely. Assuming them all to be properly subject to judicial notice and assuming without deciding the statements contained therein must be accepted as true in all instances (See *Love* v. *Wolf,* 226 Cal.App.2d 378, 403 [38 Cal.Rptr. 183]; *Beckley* v. *Reclamation Board,* 205 Cal.App.2d 734, 741 [23 Cal.Rptr. 428]), we feel none of them meets the fair thrust of

the factual allegations contained in the petition. They do not establish the presence of staphylococci aureus coagulase positive in milk in small quantity makes that milk a source of infection for a communicable disease or renders it unsafe for human consumption.

It is a matter of common knowledge that most of the food we eat and the water we drink is not absolutely pure. Much of it contains small quantities of deleterious substances which, if present in larger quantity, might prove injurious to health. But the business of producing and selling foodstuffs, including milk, is a lawful business and interference by the governmental agency must bear a reasonable relationship to the public health and safety. (*Frost* v. *City of Los Angeles, supra,* 181 Cal. 22, 28.) If it is true, as appellant alleges, that its milk, containing a small quantity of staphylococci aureus coagulase positive, presents no danger to the public health and is safe for human consumption, the order prohibiting its sale exceeds the authority conferred by the regulation and amounts to an abuse of discretion.

It is next contended the petition for mandate is fatally defective because appellant has not exhausted its administrative remedy. Section 2528 of the Administrative Code contains no provision for review of the order made by the health officer and respondents have pointed to no other statute or regulation which does so. Instead they rely on a single sentence which appears in the letter-order of Dr. Askew dated January 19, 1966. It reads as follows: ''This order will remain in effect until such time as you can prove to this department that the raw or unpasteurized milk from your dairy is free of pathogenic organisms and this department authorizes in writing the sale of raw milk from your dairy.'' The contention is that since appellant did not accept this invitation, it has failed to exhaust its administrative remedy, and access to the courts should be denied.

We think an administrative remedy sufficient to invoke the doctrine of exhaustion cannot be created with such informality. Even when administrative review or remedy is provided by statute or regulation, the doctrine of exhaustion is not applicable ''Unless the statute or regulation under which the power is exercised establishes clearly defined machinery for the submission, evaluation, and resolution of complaints by aggrieved parties.'' (*Rosenfield* v. *Malcolm,* 65 Cal.2d 559, 566 [55 Cal.Rptr. 505, 421 P.2d 697]; see also *Endler* v. *Schutzbank,* 68 Cal.2d 162, 168 [65 Cal.Rptr. 297,

436 P.2d 297]; *Martino* v. *Concord Community Hospital Dist.*, 233 Cal.App.2d 51, 57 [43 Cal.Rptr. 255].) The requirements should be no less where respondents rely, not upon regulation or statute, but on the administrative order itself to establish the existence of administrative review. (*Endler* v. *Schutzbank, supra*, 68 Cal.2d 162, 168.) ▮▮▮ The language relied upon by respondents sets up no machinery or procedure for reviewing the order and makes no provision for a hearing. It amounts to no more than a statement "the order stands until you prove us wrong." It cannot be considered an adequate procedural remedy of review and appellant's failure to pursue it does not preclude it from requesting mandate.

▮▮▮ Because of our ruling petitioner is entitled to relief in mandate, the question of whether certiorari and prohibition (sought in the fifth and sixth causes of action of the petition) are available is largely academic. ▮▮▮ We are satisfied mandamus is the proper remedy and neither certiorari nor prohibition lies under the circumstances presented (*Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790, 794-795 [136 P.2d 304]; *Drummey* v. *State Board of Funeral Directors*, 13 Cal.2d 75, 81-82 [87 P.2d 848]). The demurrer to the 5th and 6th causes of action was properly sustained.

The matters previously discussed control the appeal and will require a reversal of the judgment of dismissal. Other questions are raised on the appeal which will affect further proceedings in the trial court and a discussion of some of these is indicated.

▮▮▮ Appellant alleges in the petition and urges on appeal the local health officer cannot prohibit the sale of milk under title 17, section 2528 of the Administrative Code unless or until an infection or disease attributable to its milk actually exists in the community. We find nothing in the words of that portion of the section under consideration to support this contention. Moreover, the plain purpose of that regulation is to give the health officer authority to take action to protect the public health. If an ambiguity exists, the section should be broadly construed to effect the purpose for which it was intended. (*Askew* v. *Parker*, 151 Cal.App.2d 759, 762 [312 P.2d 342]; *A. O. Andersen & Co.* v. *United States*, 284 F. 542, 543.) The section should not be interpreted so as to require the local health officer, charged with the duty to protect the public health, to await the occurrence of a death, or of a disease which might result in death, before he can act to pro-

hibit the sale of a milk supply which he knows, or has good reason to suspect, is contaminated.

▉ Appellant also contends through its pleading and on appeal the local health officer cannot act to prohibit the sale of milk under title 17, section 2528 of the Administrative Code unless the total bacteria count in the milk exceeds 15,000 bacteria per milliliter. It argues since the Legislature, in Agricultural Code section 460 (now § 35781) has provided raw milk shall not contain more than 15,000 bacteria per milliliter, it has "preempted the field" and the health officer may not act to prohibit the sale of milk unless its total bacteria count, *including pathogenic bacteria,* exceeds 15,000 bacteria per milliliter.

This contention does not fit within our concept of preemption. ▉ We understand that term to mean where the Legislature has adopted a scheme for the regulation of a given subject, local legislative control over such phases of the subject as are covered by state legislation ceases. (*In re Lane,* 58 Cal.2d 99, 102 [22 Cal.Rptr. 857, 372 P.2d 897]; *In re Hubbard,* 62 Cal.2d 119, 123 [41 Cal.Rptr. 393, 396 P.2d 809].)

▉ The provisions of the Administrative Code, adopted by the State Department of Public Health pursuant to section 208 of the Health and Safety Code, have the force and effect of state law. (*Lertora* v. *Riley,* 6 Cal.2d 171, 180 [57 P.2d 140].) In acting pursuant to the Administrative Code, respondent Askew was enforcing a state law, and his order cannot be construed as being "in the nature of a local ordinance" as appellant contends.

The provisions of the Agricultural Code setting broad minimum standards for market milk can and should be reconciled with the provisions of Health and Safety Code and the regulations promulgated thereunder more precisely concerned with protecting the public health. It is not reasonable to infer the Legislature, by providing in the Agricultural Code that raw milk shall not contain more than 15,000 bacteria per milliliter, intended to preclude the health officer from taking appropriate steps to protect the public when a milk supply meets that general over-all standard, yet contains a sufficient quantity of pathogenic bacteria or organisms to constitute a danger to the public health.

The nature of the hearing to be afforded in the trial court is also in dispute. Respondents contend any factual review of Dr. Askew's order should be limited to a consideration of whether substantial evidence supports the issuance of the

order rather than a review by a trial *de novo*. It is argued Dr. Askew's action was a local action enforcing state law to perform the local function of protecting local citizens within the county. While the substantial evidence test applies to review of decisions of local agencies (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 239-240 [259 P.2d 649] ; *Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 264-265 [246 P.2d 656]), Dr. Askew's action was not an action of a local agency. He acted as the local health officer, an individual to whom the power to act was delegated by the state-wide Department of Public Health under that department's regulation as contained in title 17, section 2528 of the Administrative Code. The action taken was that of the Department of Public Health through its appointed agent. Where a state-wide agency delegates its powers to a local officer the scope of review applicable to an exercise of that power is the rule which applies to the delegating authority.

Respondents further contend the State Department of Public Health derives some of its authority from the state Constitution (art. XX, § 14) and thus must be considered a constitutional agency whose decisions are reviewable by the substantial evidence test. (*Palm Springs Turf Club* v. *California Horse etc. Board,* 155 Cal.App.2d 242, 246 [317 P.2d 713].)

Article XX section 14 of the Constitution provides: ''The Legislature shall provide, by law, for the maintenance and efficiency of a State Board of Health.''

The Constitution does not confer the decision making power which was exercised here by the health officer. The authority of the Department of Public Health to control milk and foodstuffs to prevent the spread of communicable diseases is not derived directly from the Constitution. Article XX section 14 does not purport to delegate adjudicatory powers to either the State Board of Health or the State Department of Public Health. (Compare *Ishimatsu* v. *Regents of the University of Cal.,* 266 Cal.App.2d 854, 863-864 [72 Cal.Rptr. 756].)

 Because an agency may be, in part, established by constitutional provision does not of itself exempt it from trial *de novo* review of its decisions. The criterion to be met is the decision making power must be based upon a constitutionally granted authority to adjudicate. (See *Covert* v. *State Board of Equalization,* 29 Cal.2d 125, 131-132 [173 P.2d. 545] ; *Ishimatsu* v. *Regents of the University of Cal., supra,* 266 Cal.App.2d 854, 863-864 ; Deering, California Administrative Mandamus (Cont. Ed.Bar) § 5.68, pp. 78-79.)

The action to be reviewed here was by a state-wide agency exercising an authority of legislative origin affecting a vested right of Alta-Dena to continue distribution of its milk products and is subject to review by a trial *de novo.* (*Laisne* v. *California State Board of Optometry,* 19 Cal.2d 831 [123 P.2d 457]; *Drummey* v. *State Board of Funeral Directors, supra,* 13 Cal.2d 75, 84.)

More important, however, than these considerations are the constitutional principles involved. Where, as here, the order of an administrative officer adversely affects a valuable and existing property right, where it is made without notice or hearing under a regulation which makes no provision for hearing or administrative review, the fundamental principles of due process come into play. Somewhere along the line appellant is entitled to meet its adversary on equal footing in a full and fair hearing, before an impartial tribunal, with the full and complete right to present evidence and cross-examine witnesses (*Bess* v. *Park,* 144 Cal.App.2d 798, 807 [301 P.2d 978]). Unless such right is available to appellant by a trial *de novo* in the superior court, the very regulation under which respondent Askew acted would violate due process and thus be unconstitutional. (*Jordan* v. *American Eagle Fire Ins. Co.,* 169 F.2d 281, 290 [83 App.D.C. 192]; *Columbia Auto Loan* v. *Jordan,* 196 F.2d 568, 572 [90 App.D.C. 222]; *Jordan* v. *United Ins. Co. of America,* 289 F.2d 778, 782 [110 App. D.C. 112]; *Jones* v. *Freeman,* 400 F.2d 383, 390; *Parker* v. *Board of Barber Examiners* (La. App.) 84 So.2d 80, 86.)

Because of the posture of the case on appeal, our scope of inquiry is largely confined to whether the facts as pleaded state a cause of action for relief. We do not by our ruling put the stamp of approval on the petition as it now reads or upon the various theories of law which have been pleaded. The abandonment of the fourth cause of action can be dealt with by the decision of this court, but the claim for damages, which has also been abandoned and which appears in each of the mandate counts cannot be reached and will require action by the trial court. Absent the abandoned claim for monetary damages the position of the county as a responsive party is questionable. This is a matter to be considered in the further proceedings below. Since the remaining mandate counts are all based upon the same facts, we see no reason why they should not be consolidated into one cause of action. The petition as it now stands is repetitious, redundant, argumentative and conclusionary. These defects should be cured through the

vehicle of the motions to strike and the special demurrers which are not before us on appeal and upon which the trial court has not ruled.

The judgment is affirmed as to the fourth, fifth and sixth causes of action; it is reversed as to the first, second and third causes of action. The case is remanded to the trial court for further proceedings in accordance with this opinion.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied April 10, 1969, and respondent's petition for a hearing by the Supreme Court was denied May 21, 1969.