[Civ. No. 12982. Third Dist. May 23, 1972.]

BERNS T. OLSON, Plaintiff and Appellant, v.
IRENE HICKMAN, as County Assessor, etc., et al.,
Defendants and Respondents.

COUNSEL

David Cunningham for Plaintiff and Appellant.

John B. Heinrich, County Counsel, and Robert S. Shelburne, Deputy County Counsel, for Defendants and Respondents.

OPINION

**THE COURT.**—On February 28, 1972, we filed our decision* reversing the judgment of the superior court and directing that court to issue a writ of mandate which would accomplish petitioner Olson's reinstatement to

*Reporter's Note: This case was not certified for publication.

his civil service position in the Sacramento County Assessor's office and the payment of back salary.

■ On April 19, 1972, we granted petitioner's application for a temporary stay of the remittitur in order to consider his motion for an allowance of an attorney fee of $1,500 pursuant to Government Code section 800.* His motion came on regularly for hearing in open court on May 16, 1972.

Government Code section 800 was enacted by Statutes of 1971, chapter 1655, which was signed by the Governor and filed on November 30, 1971. Its effective date was March 4, 1972. The briefs in this appeal had been filed before the statute's enactment and thus did not bring it to our attention.

Respondent County of Sacramento invokes the general rule of construction which frowns upon statutory retroactivity in the absence of a clear legislative direction. The rule has no application here. Section 800 classes itself as an ancillary provision, creating no new cause of action. It is procedural only. ■ A lawsuit is governed by a change in procedural rules made during its pendency, and the suit is pending until its final determination on appeal. (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.,* 29 Cal.2d 228, 233 [174 P.2d 441]; *Romero* v. *Hern,* 276 Cal.App. 2d 787, 791-792 [81 Cal.Rptr. 281].)

■ This court's decision of February 28, 1972, did not become final as to this court until 30 days thereafter and did not become final as to the Supreme Court until 60 days thereafter. (Cal. Rules of Court, rules 24, 27.) Thus this action was pending on March 4, 1972, the effective date of Government Code section 800.

Section 800 permits the award of an attorney fee where the administrative action was the result of "arbitrary or capricious action or con-

---

*Government Code section 800 provides: "In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding under this code or under any other provision of state law, except actions resulting from actions of the State Board of Control, where it is shown that the award, finding, or other determination of such proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity, the complainant if he prevails in the civil action may collect reasonable attorney's fees, but not to exceed one thousand five hundred dollars ($1,500), where he is personally obligated to pay such fees, from such public entity, in addition to any other relief granted or other costs awarded.

"This section is ancillary only, and shall not be construed to create a new cause of action.

"Refusal by a public entity or officer thereof to admit liability pursuant to a contract of insurance shall not be considered arbitrary or capricious action or conduct within the meaning of this section."

duct by a public entity or an officer thereof . . . ." In our decision of February 28, 1972, we applied several descriptions to the action of the Sacramento County Assessor in discharging Olson. We termed it "discriminatory and illegal" and "sharply discriminatory." Had our attention been called to Government Code section 800, we would have termed it "arbitrary and capricious." We do now find it "arbitrary and capricious" within the meaning of section 800.

■ We construe section 800 to extend to the present lawsuit, even though the administrative action in issue was that of a local public agency. Two aspects of the statute support this construction. It applies when the administrative action is taken under the Government Code "or under any other provision of state law." Were Sacramento a nonchartered county, the dismissal of a civil service employee would take place under the aegis of the Government Code itself. (See Gov. Code, § 31108.) Petitioner was discharged under color of the Sacramento County Charter. The county is a political subdivision of the state and its charter is a state law. (See Cal. Const., art. XI, § 4; *Pearson* v. *County of Los Angeles,* 49 Cal.2d 523, 536 [319 P.2d 624]; *Wilkinson* v. *Lund,* 102 Cal.App. 767, 771-772 [283 P. 385]; *More* v. *Board of Supervisors,* 31 Cal.App. 388, 392 [160 P. 702].)

Secondly, section 800 refers to the administrative action of a "public entity," evincing a design to extend its terms beyond the state government proper. As enacted, section 800 is the sole occupant of a new division, numbered 3.5, within title 1 of the Government Code. It is followed by division 3.6, governing claims and actions against public entities, including counties. (See Gov. Code, § 811.2.) Similarly, section 800 extends to a local public entity or its officers whenever the administrative action is taken under color of the Government Code or any other state law. (See, e.g., *Alta-Dena Dairy* v. *County of San Diego,* 271 Cal.App.2d 66, 75-76 [76 Cal.Rptr. 510].) Whatever its scope in relation to administrative actions of local agencies under local enactments, section 800 governs here.

The county cites *Curphey* v. *Superior Court,* 169 Cal.App.2d 261 [337 P.2d 169], which holds that the civil service provisions of a county charter supersede conflicting provisions of state law dealing with the removal of county officers. There is no conflict here. The subject of Government Code section 800 is the award of litigation costs in civil actions, a topic outside the scope of county charters and one as to which the Sacramento County Charter is understandably silent. (See Cal. Const., art. XI, § 4.)

 In a declaration supporting his motion, petitioner Olson avers that he has become liable to pay his attorney a fee for the latter's conduct of the appeal. His declaration describes the fee arrangement. The county does not gainsay his statements. Thus all the elements evoking section 800 are present.

We have determined that $1,000 is a reasonable fee to be paid by the County of Sacramento for the services of petitioner's attorney rendered on appeal. The superior court is directed to order payment of that fee.

The order staying the remittitur has served its purpose and is dissolved. The county, nevertheless, is entitled to review of the attorney fee award if it so desires. Hence the remittitur cannot go down until 60 days from the filing of this decision. Should the county delay Olson's reinstatement pending issuance of the remittitur and the ensuing action of the superior court, it would be running up an avoidable bill for back salary. It is not inhibited from reinstating him without awaiting the remittitur.