[Civ. No. 53183. First. Dist., Div. One. Apr. 21, 1983.]

TRAVIS L. CAMPBELL, Plaintiff and Appellant, v.
RESIDENTIAL RENT STABILIZATION AND ARBITRATION BOARD
OF SAN FRANCISCO, Defendant and Respondent.

**COUNSEL**

Panos Lagos for Plaintiff and Appellant.

George Agnost, City Attorney, and Jerry A. Hurtubise, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**HOLMDAHL, J.**—This is an appeal from the denial of a portion of a petition for writ of mandate and from the denial of attorney's fees, the petition having been filed in connection with certain decisions made by the San Francisco Residential Rent Stabilization and Arbitration Board.

We affirm in part and reverse in part.

### Statement of Facts

The Residential Rent Stabilization and Arbitration Ordinance, set forth as chapter 37 of the San Francisco Administrative Code (code), created the Residential Rent Stabilization and Arbitration Board (Board) and conferred upon it authority to administer and enforce the ordinance.

Appellant is the owner of two parcels of residential real property (16th Avenue and 20th Avenue, respectively), located in the City and County of San Francisco, both of which he purchased in June 1979. On August 1, 1979, he raised the rents in both buildings.

Less than two months thereafter, appellant filed petitions for arbitration with the Board requesting approval of further rent increases, proposed to take effect in October or November 1979. The petitions were filed because the proposed increases would have been in excess of the rent increase guidelines set forth in section 37.3(a) of the code. Appellant alleged he sought the proposed increases because he "need[ed] the money to service the debt on the property."

Before the petitions were acted upon, one of appellant's tenants at 20th Avenue filed a petition for arbitration with the Board alleging his "harrass-ment [*sic*], discrimination, violation of the 'good faith clause' of the ordinance, violation of percentage of rent increase, and violation of the protection for tenant exercising any right as tenant (retaliation)."

The petitions of both appellant and the tenant were consolidated and a hearing held before a hearing officer. The hearing officer subsequently made findings of fact and denied appellant's petitions for increases. She directed immediate across-the-board percentage reductions on both properties (2 percent at 16th Avenue and 5 percent at 20th Avenue), based upon her finding there had been reductions of services at both and also directed a 1.5 percent reduction in any future rent increases in either property because the August rent increase was 1.5 percent above the guidelines set forth in the code.

Appellant appealed the hearing officer's decisions as to both properties, and the Board denied his requests for appeal hearings. Appellant then filed with the superior court his petition for writ of mandate seeking the issuance of a peremptory writ of mandamus ordering the Board to set aside its decisions.

After a hearing, the court by minute order denied appellant's petition in its entirety, and granted costs to the Board. Thereafter, appellant filed his first notice of appeal.

The city attorney, as counsel for the Board, then wrote reminding the court that, at the hearing, both sides had stipulated there was no substantial evidence to support the hearing officer's findings of fact as to 16th Avenue and that judgment should be for appellant as to that property.

Thereafter, the court entered what was titled "Judgment Granting Petition for Writ of Mandate." The title of this judgment is misleading, inasmuch as it not only granted the petition for writ of mandate as to 16th Avenue, which was the subject of the stipulation, but also denied the petition as to 20th Avenue. In addition, the judgment ordered appellant to bear the Board's costs of litigation.

Thus, the practical effect of the judgment was to order the Board to set aside its decision as to 16th Avenue, to sustain its decision as to 20th Avenue, and to require appellant to pay all of the Board's litigation expenses including, by inference, those which could be attributable to the litigation affecting 16th Avenue, concerning which appellant had prevailed. Furthermore, by omitting any mention of appellant's request for attorney fees, this judgment had the effect of denying that request.

Thereafter, appellant filed an amended notice of appeal.

In this appeal, appellant contends that the court abused its discretion in (1) refusing to set aside the Board's reduction of rent as to 20th Avenue and (2) denying his request for attorney's fees in connection with the court's granting of his petition concerning 16th Avenue.

### Evidentiary Support for 20th Avenue Rent Reductions

■ Initially, we note that the applicable standard of review is whether there is substantial evidence based on the entire record to support the decision. (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 149 [93 Cal.Rptr. 234, 481 P.2d 242].)

The applicable "Rules and Regulations of the Residential Rent Stabilization and Arbitration Board," as adopted on August 10, 1979, define "rent in-

creases" to include "any reduction in housing services without a corresponding reduction in the monies demanded or paid for rent . . . ."

■ Appellant contends that there was no substantial evidence to support the determination that a "rent increase" had occurred and thus to support the order for a 5 percent reduction in rents at 20th Avenue. He also argues that the across-the-board reduction is not warranted since the evidence does not establish that any diminution in services affected all tenants in a substantially equal way.

Some of the testimony on which the Board relies to oppose this appeal does not support its position. For example, that "[a]partment one has the original carpets" does not, at least standing alone, constitute diminution of services by appellant landlord. Nor does testimony concerning "old paint" or a new owner who "has done no renovation."

Other testimony does reflect conditions showing a diminution of services but apparently affecting only individual tenants, such as one tenant's complaint concerning a leaky faucet, while other testimony from various tenants described lack of lights in the second floor hallway, lack of adequate garbage cans, garbage being thrown around, dirty halls, lack of a fire extinguisher, and similar complaints concerning conditions apparently affecting all the tenants.

We do concur with the essence of appellant's argument that Board action affecting a 10-unit complex across-the-board must be based upon more than evidence concerning, for example, only five of those units. The evidence, as a whole, must reasonably show a diminution of services affecting all the units in order to support an across-the-board rent reduction. Alternatively, evidence of specific, substantial deficiencies peculiar to individual units which also shows a failure to correct such deficiencies can establish a pattern of conduct which, in turn, may permit the trier of fact to draw the inference that there has occurred a reduction of services affecting the tenants of those individual units. The evidence before us constitutes an admixture of the two, and we conclude that a general pattern of diminished services was shown which supports the finding upon which the 5 percent reduction in rents at 20th Avenue is based.

Consequently, we affirm this portion of the judgment.

128

*Arbitrary Action as to 16th Avenue
and Request for Attorney's Fees*

With reference to 16th Avenue, appellant contends that the trial court abused its discretion in failing to grant his request for attorney's fees. His request is based on Government Code section 800.[1]

 Appellant states that in order to recover attorney's fees under this statute, he must show: (1) That in superior court he prevailed against the Board; (2) that he is personally obligated to pay the fees; and (3) that the decision of the Board was arbitrary or capricious.[2] If these elements are found to exist, the trial court must award attorney fees in a reasonable amount. (*Plumbing etc. Employers Council* v. *Quillin* (1976) 64 Cal.App.3d 215, 224 [134 Cal.Rptr. 332].)

It is clear that appellant did prevail as to 16th Avenue. It is also undisputed that he is personally obligated to pay his attorney's fees. The existence of the third element is at issue in this appeal.

The Board, in contending that its decision to reduce rents at 16th Avenue was not arbitrary or capricious, cites cases which attempt to define "arbitrary or capricious." However, some of those cases define the phrase in an inclusive manner.

For example, one case upholds a finding of arbitrary or capricious conduct where there has been "a stubborn insistence on following an unauthorized course of action." (*Midstate Theatres, Inc.* v. *Board of Supervisors* (1975) 46 Cal.App.3d 204, 211 [119 Cal.Rptr. 894].) However, all *Midstate* really holds is that a stubborn insistence of the type mentioned is one type of conduct which

[1]Government Code section 800 provides, in relevant part: "In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding under this code or under any other provision of state law, except actions resulting from actions of the State Board of Control, where it is shown that the award, finding, or other determination of such proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity, the complainant if he prevails in the civil action may collect reasonable attorney's fees, but not to exceed one thousand five hundred dollars ($1,500), where he is personally obligated to pay such fees, from such public entity, in addition to any other relief granted or other costs awarded."

This statute is applicable to political subdivisions of the state including counties, as held by *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920, 923 [102 Cal.Rptr. 248], and cities, as held by *Mennig* v. *City Council* (1978) 86 Cal.App.3d 341, 355 [150 Cal.Rptr. 207], and their respective agencies. We conclude the statute applies also to the City and County of San Francisco and its agencies, including Board. The Board, respondent herein, has not questioned application of the statute to it.

[2]Actually, there is a fourth requirement as well, which obviously has been satisfied: There must be a civil action to appeal or review an administrative proceeding. (See *Plumbing etc. Employers Council* v. *Quillin* (1976) 64 Cal.App.3d 215, 221 [134 Cal.Rptr. 332] [cited in the text].)

can be characterized as arbitrary or capricious. The case does not purport to require such stubborn insistence in order to support a determination that there was arbitrary or capricious conduct.

Others of the cases cited must be considered in the factual context from which they arose. See, for example, *Marin Hospital Dist.* v. *Department of Health* (1979) 92 Cal.App.3d 442 [154 Cal.Rptr. 838], in which the action complained of was the adoption of a regulation.

A case not cited by the Board, however, provides a view of the flexibility of the meaning of "arbitrary and capricious" as well as a definition of the phrase which has some utility in the case before us. It states that: "The phrase 'arbitrary or capricious' has no precise meaning, and the code does not undertake to define it. However, conduct not supported by a fair or substantial reason may be categorized as arbitrary and capricious. [Citation.] The courts often characterize unsubstantiated determinations as arbitrary. [Citations.]" (*Madonna* v. *County of San Luis Obispo* (1974) 39 Cal.App.3d 57, 61-62 [113 Cal.Rptr. 916].)

Turning to the facts in the instant case, we note that both parties agree that there was no substantial evidence to support the determination as to 16th Avenue. In fact, there was very little evidence at all.

The hearing officer's findings of fact include the following summary of testimony relating to the 16th Avenue property: "Tenant Gaerlon testified that she felt that the rent increase was unjustified. She testified that no repair work had been done on the building; that she had repeatedly requested that the Landlord fix her faulty doorbell, and that he had refused to do so."

Although possibly the result of the poor state of the record of the hearing,[3] except for the reference to the faulty doorbell there is no evidence in the record on appeal to support the finding that "no repair work had been done on the building."[4]

Apparently on the basis of an inoperable doorbell, therefore, the hearing officer concluded that the rent for all tenants at 16th Avenue should be reduced by

---

[3]In reviewing this appeal, apparently the first to come before this court concerning the Board, we cannot and do not go outside the record.

We note with concern, however, that our review of the case was severely handicapped by the hearing officer's use (or inadequate use) of a tape recorder, resulting in a transcript permeated with omissions labeled "inaudible." Neither party to an appeal can be assured of fair treatment when the transcript of a proceeding is as faulty as the one in this appeal.

[4]In his opening brief, appellant states that the only evidence of diminished services at 16th Avenue property had to do with the doorbell. The Board does not dispute this in its reply brief.

2 percent. At the very least, this seems to be a rather draconian response, and one which suggests that the decision was based in part on passion or prejudice.[5]

We conclude, therefore, that because of the arbitrary and capricious action and conduct of the Board, appellant is entitled to a reasonable attorney's fee relating to 16th Avenue.

## Conclusion

The superior court's denial of appellant's request for reasonable attorney's fees is reversed, with directions to the court to determine on motion the amount attributable to the reversal of the 16th Avenue rent decision and to order its payment by Board. Otherwise, the judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.

---

[5]It is possible that the hearing officer took into account her finding that appellant had intimidated some of the tenants.

The findings of intimidation include the following: "This hearing officer further finds that Landlord has engaged in intimidation tactics in the building at 420 20th Avenue. He testified many times that 'only Miss Gillis has complained' and the fear that was obvious among the complaining tenants showed that they saw Miss Gillis' situation as an example of what could happen to them if they were to make any complaint. Although these tactics were not severe enough *as to the tenants other than Miss Gillis* to constitute retaliation as to these tenants, *the hearing ojjicer merely notes that intimidation of these tenants does exist.*" (Italics added.)