Day, J.
 

 The sole question for determination in this case is: As between the mortgage of Crawford and the mechanic’s lien of the Gough Lumber Company, which shall have priority? It is our duty to so construe statutes and parts thereof that the same may be reconciled and held harmonious, if this can
 
 *49
 
 be done and their intent and purpose be maintained. The. mechanics ’ lien law, by Section 8321, General Code, made provision for equal priority among all mechanics’ lien holders, and further provided that the date at which such liens should attach should be “from the date the first labor was performed, or the first * * * material * * * was furnished.” Section 8572-68 provides for an affidavit of an adverse claim or lien, which will give such affiant the protection of the general mechanics’ lien law, Section 8321,
 
 supra.
 

 In this ease the lumber company failed to comply with the provisions of Section 8572-68, General Code, by filing an affidavit as one
 
 ‘ ‘
 
 desiring to assert any * * * lien against registered land * * which affidavit would have been memorialized upon the certificate of title as of the date of filing. By. reason thereof we are of opinion that the lumber company’s lien is inferior to the mortgage lien of Crawford; that the date of the lien of the lumber company is the date of its memorializing on the land certificate, to wit, September 24, 1927; that the lien of Crawford on his mortgage began to run from May 18, 1927.
 

 Other questions suggested by counsel in the argu- ' ment of this ease, not presented by this record, and the determination of which are not necessary for the decision of this case, are not considered.
 

 This being the conclusion reached by the courts below, it follows that their judgments in the premises must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.