## CORA A. COOK v. HARRIET C. LUETTICH AND OTHERS.[1]

February 9, 1934.

No. 29,729.

*Davis, Michel, Yaeger & McGinley* and *Sidney S. Feinberg,* for appellant.

*D. E. LaBelle,* for respondent.

*HILTON, Justice.*

This is an unlawful detainer action for the restitution of improved residence property, tried in municipal court of Minneapolis. Defendant Harriet C. Luettich appeals from a judgment in favor of plaintiff.

The complaint was in the usual form and alleged that plaintiff, on June 15, 1932, by written lease demised and leased to said defendant the premises in question for the term of 11½ months from that date and until May 31, 1933; that defendants entered into possession under said lease; that by the terms thereof the lease had expired and the right of the defendants to occupancy of the premises had terminated; and that they were still in possession and were unlawfully detaining it from plaintiff. The record does not disclose any written or other answer to the complaint.

[1]Reported in 252 N. W. 649.

At the trial counsel appeared for each party. No testimony was taken. There were received in evidence three documents: (1) A quitclaim deed of the premises from defendant Luettich to plaintiff bearing date June 15, 1932, wherein defendant granted to plaintiff the right "To have and to hold the same, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to the said party of the second part [plaintiff], her heirs and assigns, forever"; (2) the lease hereinbefore referred to (bearing the same date as the deed) in which defendant agreed to "quit and deliver up the said premises to the said lessor [plaintiff] peaceably and quietly at the end of the aforesaid term or at any previous termination thereof for any cause"; (3) a Torrens certificate of title of date March 22, 1926, stating that defendant [Harriet C. Luettich] was the owner of the premises, the right to possession of which is here involved. The quitclaim deed had not been registered.

The court found that the lease was made; that by the terms thereof it expired on May 31, 1933, and all the right of the defendants to the occupancy of the premises had terminated; that defendants were still in possession thereof and unlawfully detaining possession from plaintiff; and that said defendants were guilty as alleged in the complaint.

The municipal court of Minneapolis had jurisdiction of this unlawful detainer action whether title to real estate was involved or not. L. 1917, c. 407, § 1.

Appellant's claim is that the quitclaim deed of June 15, 1932, not having been registered under the Torrens system, did not convey title to plaintiff and hence this unlawful detainer action could not successfully be maintained. The claim is without merit. It is based on 2 Mason Minn. St. 1927, § 8293, which reads as follows:

"An owner of registered land may convey, mortgage, lease, charge or otherwise deal with the same as fully as if it had not been registered. He may use any form of deed, mortgage, lease or other voluntary instrument sufficient in law for the purpose intended. No voluntary instrument of conveyance purporting to convey or affect

registered land, except a will and a lease for a term not exceeding three years, shall take effect as a conveyance, or bind or affect the land, but shall operate only as a contract between the parties, and as authority to the registrar to make registration. The act of registration shall be the operative act to convey or affect the land."

Under that provision, although the unregistered quitclaim deed did not affect the title nor create any interest in the premises, it did operate as a contract between the parties. In In re Application of Juran, 178 Minn. 55, 226 N. W. 201, it was held (syllabus):

"1. The Torrens law intends that all titles registered thereunder shall be free from all unregistered rights or claims except those specifically named, and unregistered deeds or contracts do not affect such titles nor create any interest in the land.

"2. The act abrogates the doctrine of constructive notice except as to matters noted on the certificate of title, but not the effect to be given to actual notice of unregistered conveyances."

Appellant, having executed and delivered the quitclaim deed to plaintiff, had actual knowledge thereof, and with that knowledge accepted the lease here involved and lawfully retained occupancy of the premises thereunder during the 11½ months, but not thereafter.

On the court's findings of fact, which were proper under the evidence, the conclusion of law, in which the court ordered judgment for the restitution of the premises to plaintiff, of necessity followed.

Affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.