CURRAN B. ARMSTRONG v. JOHN R. LALLY AND OTHERS. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF MINNEAPOLIS, APPELLANT.[1]

February 7, 1941.

No. 32,644.

[1]Reported in 296 N. W. 405.

*Reuder & Carroll* and *H. A. Linstrom,* for appellant.

*George Beaverson,* for respondent.

*Strong & Strong, Kingman, Cross, Morley, Cant & Taylor, Everett & Thiel,* and *Stinchfield, Mackall, Crounse & Moore, amici curiae,* filed a brief in behalf of the contention of appellant.

HOLT, JUSTICE.

Defendant appeals from an order overruling its demurrer to the complaint. The court certified that the question presented was important and doubtful.

The action is to foreclose a mechanic's lien for materials, namely, lumber sold and furnished for the erection of a dwelling house upon a lot in the city of Minneapolis. The lot was registered under the Torrens act (2 Mason Minn. St. 1927, §§ 8247 to 8329), and defendant John R. Lally held the certificate of title as owner, when, on August 22, 1939, he and his wife executed a mortgage thereon to appellant, which mortgage was on that date filed with the registrar of titles in Hennepin county and entered as an incumbrance upon the certificate. March 11, 1940, respondent filed a mechanic's lien in proper form with said registrar, for the materials furnished, showing that the last item thereof was furnished within 90 days prior to the day of filing, and a notation of such lien was entered upon the certificate of title. The complaint also alleges that the mortgage to appellant was made by the owners of the lot to obtain funds to pay in part for the erection of said dwelling house thereon, and that no part of the amount to be paid to the mortgagors had been paid at the "time the improvement was actually and visibly commenced upon said premises, and that only a portion thereof has been paid since that time, and that said mortgagee had actual knowledge that said improvement had been commenced upon the ground prior to the time said mortgage was executed and registered as alleged in this paragraph."

Had the title to this lot been unregistered no question could be raised as to the superior right of the plaintiff's mechanic's lien over appellant's mortgage, because the lien becomes effective from the time when the improvement is visibly commenced on the ground, and it is averred that the improvement had begun and was so visible when the mortgage was executed and registered. Erickson v. Ireland, 134 Minn. 156, 158 N. W. 918. But appellant's contention is that with the entry of its mortgage as an incumbrance on the owner's certificate it takes precedence over plaintiff's mechanic's lien, so entered subsequently. We do not think the contention is correct. Section 8248 indicates the scope of the Torrens act:

"Registered land shall be subject to the same burdens and incidents which attach by law to unregistered land. This chapter shall not operate to relieve registered land or the owners thereof * * * from liability to any lien or charge of any description whatever, created or established by law upon the land or the buildings situated thereon, or the interest of the owner in such land or buildings. * * * and shall not operate to change or affect any other rights, burdens, liabilities or obligations created by law and applicable to unregistered land except as otherwise expressly provided herein."

Mechanics' liens are created by law. And it seems to us that clearer language could hardly be used to place such liens on registered land on a parity with those on unregistered. In the same section there is a provision that registered land is not subject to adverse possession, and it is therefore argued that since mechanics' liens filed within 90 days from the furnishing of the last item relate back and attach as of the visible commencement of the improvement upon the land, no one dealing with registered land need notice what occurs thereon. But the provision against acquiring title by adverse possession is expressly stated, and so is the manner by which money judgments become liens upon registered land (§ 8309). As to mechanics' liens, there is no express provision in the Torrens act, to which our attention has been

called, fixing the time of their attaching to the land or the order of priority if several for the same improvement are registered. Section 8271 is stressed, which gives to the holders of certificates of registration freedom from all incumbrances except those noted or entered thereon, with five certain exceptions, not here important. By L. 1931, c. 357, a sixth exception or subdivision was added protecting one in possession of registered land under unregistered deed or contract from the registered owner (3 Mason Minn. St. 1940 Supp. § 8271[6]). This exception was evidently induced by the decisions of this court in Abrahamson v. Sundman, 174 Minn. 22, 218 N. W. 246, and In re Application of Juran, 178 Minn. 55, 226 N. W. 201, 202.

As to mechanics' liens, 2 Mason Minn. St. 1927, § 8494, provides:

"All such liens, as against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, and shall be preferred to any mortgage or other incumbrance not then of record, unless the lienholder had actual notice thereof. As against a bona fide purchaser, mortgagee or incumbrancer without notice, however, no lien shall attach prior to the actual and visible beginning of the improvement on the ground."

It had been definitely settled before the adoption of the Torrens act that under the mechanics' lien law each party who furnishes material, skill, or labor for one improvement on land under a contract or with the consent of the owner had a lien therefor which was coördinate with the liens of all who had contributed to the same improvement, and that all such liens attached as of the time when the improvement visibly began, no matter when each mechanic's lien claimant began furnishing his contribution or filed his proper lien statement in the office of the register of deeds, provided it was so filed within the specified time after furnishing the last item. There is nothing in the Torrens act which expressly disturbs or changes this rule making all mechanics' liens for the same improvement coördinate and attaching as of the date of the

beginning thereof upon the land. It is apprehended that if there had been any intention to change or disturb the well settled law as to the rights of the different mechanics' lien claimants for work and material upon the one improvement the Torrens act would have so provided in express terms. If such liens are to attach as of the time a memorial thereof is entered on the certificate by the registrar, there will be no chance of coördinating several mechanics' liens for the same improvement. We conclude that even though § 8271 provides that every person receiving a decree of registration, "and every subsequent purchaser of registered land who receives a certificate of title in good faith and for a valuable consideration, shall hold the same free from all incumbrances, and adverse claims, excepting only such estates, mortgages, liens, charges and interests as may be noted in the last certificate of title in the office of the registrar," it must be qualified by the provision in § 8248 first above quoted. Furthermore, the complaint avers that appellant had actual knowledge that "said improvement had been commenced upon the ground prior" to the execution and registration of its mortgage. In the Juran case, 178 Minn. 55, 60, 226 N. W. 201, it was said that the Torrens act "abrogates the doctrine of constructive notice except as to matters noted on the certificate of title. We think, however, that it does not do away with the effect of actual notice." Rea v. Kelley, 183 Minn. 194, 235 N. W. 910, is also authority for holding that, since the Torrens act has not expressly otherwise provided as to mechanics' liens, they attach to the land as of the time of the beginning of the improvement thereon, the same as in that decision 2 Mason Minn. St. 1927, § 8226, was held affected or adopted by the Torrens act, but not § 8225 thereof, in respect to payment by the mortgagor of the debt after transfer thereof to a *bona fide* purchaser, such assignment appearing upon the certificate of title when payment was made.

There is nothing in Cook v. Luettich, 191 Minn. 6, 252 N. W. 649, or In re Application of Finnegan, 207 Minn. 480, 292 N. W. 22, that compels the approval of appellant's contention. We are

also cited to Gough Lbr. Co. v. Crawford, 124 Ohio St. 46, 176 N. E. 677. That decision was in favor of the purchase money mortgage, memorial of which was entered upon the certificate of registration prior to that of the plaintiff's mechanic's lien for lumber for the improvement begun prior to the entering of the memorial of the mortgage; but it was so held because of the failure by the plaintiff to file an affidavit of adverse claim required by § 8572-68, General Code of Ohio, with the registrar. Our Torrens act requires no such affidavit. We are also referred to Patton, Titles, § 373, where, to sustain the text that a mechanic's lien can only attach to registered land as of the time a memorial thereof is entered upon the certificate of title, are cited Hammond Lbr. Co. v. Moore, 104 Cal. App. 528, 532, 286 P. 504; Hacken v. Isenberg, 288 Ill. 589, 124 N. E. 306; In re Application of Bickel, 301 Ill. 484, 134 N. E. 76. The California decision is based upon § 93 of its land title law, the successor of its Torrens act, reading:

"Notice of liens under the provisions of the mechanics' lien laws of this state shall be filed in the registrar's office, and a memorial thereof entered by him upon the register, as in the case of other charges, and such liens may be enforced as now or hereafter allowed by law. Until such notice is so filed and registered, no lien shall be deemed to have been created."

No comparable provision is as yet in our Torrens law. The two Illinois decisions cited were placed upon specific requirements in the Torrens act of that state in respect to mechanics' liens, *viz.*, §§ 84, 89, and 90 (Hurd, Rev. St. Ill. 1917, pp. 681 and 682) also now found in Smith-Hurd Ill. Rev. St. 1935, c. 30, §§ 121, 126, and 127. Of these, we quote § 89 (§ 126):

"In all cases where, by any law in relation to the liens of mechanics or others, any claim or notice is authorized to be filed in any court or office, the same, when it relates to registered land or any interest therein, may be filed in the registrar's office, and being so filed, a memorial thereof shall be entered by the registrar, as

in the case of other charges, and proceedings to enforce the lien may be had, as provided in the act, creating the same. Until it is so filed and registered, no such lien shall be deemed to have been created."

Section 90 (§ 127):

"No statutory or other lien shall be deemed to affect the title to registered land until after a memorial thereof is entered upon the register as herein provided."

We have no provision in our Torrens act at all similar to those in the Torrens acts of either California or Illinois. If there is to be such a radical disturbance of the law of mechanics' liens as appellant urges, it should come from the legislature and not the courts.

The order is affirmed.

