**CITY AND COUNTY OF HONOLULU**, a municipal corporation, Plaintiff–Appellee, v. **F. E. TROTTER, INC., W. H. McVAY, INC., P. R. CASSIDAY, INC.**, and **H. C. CORNUELLE, INC.**, all Hawaii Professional Corporations, Trustees under the Will and of the Estate of James Campbell, Deceased, Defendants–Appellees, and **OAHU RECLAMATION, INC.**, Intervenor, Defendant–Appellant

NO. 12371

(CIV. NO. 85–4820)

JULY 14, 1988

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Oahu Reclamation, Inc. (ORI) appeals from the lower court's order granting summary judgment in favor of the City and County of Honolulu (City) in an eminent domain action by the City under Hawaii Revised Statutes (HRS) Chapter 101. Finding the City's taking of the property to be for a public purpose, we affirm.

I.

In 1977, Waimanalo Gulch was identified by the City as a potential site for a sanitary landfill. The land was owned by Campbell Estate. During 1981–82, the property was selected as a primary site for a sanitary landfill. Beginning in March of 1982, the City began the environmental impact statement process required by HRS Chapter 343. In September of 1983, ORI notified the City of ORI's intention to use Makaiwa Gulch, which was adjacent to Waimanalo Gulch, as a privately operated sanitary landfill. In response, the City acknowledged ORI's plan but insisted that it was going ahead with its plan for Waimanalo Gulch.

On June 21, 1985, the City informed Campbell Estate that it intended to acquire Waimanalo Gulch through condemnation. A resolution to that effect was introduced in the city council on August 7, 1985. On August 13, 1985, ORI amended an existing lease with Campbell Estate for Makaiwa Gulch to include Waimanalo Gulch as well. The city council passed the resolution on August 14, 1985, and it was subsequently approved by the mayor. On September 23, 1985, ORI applied to the City for a conditional use permit and to the State for a special use permit.

On December 26, 1985, the City filed a complaint against Campbell Estate seeking the condemnation of Waimanalo Gulch and also filed a *lis pendens* in land court. On January 3, 1986, ORI's permit requests were returned because of the pending condemnation suit. The City received possession by court order on January 6, 1986. On March 19, 1986, ORI was allowed to intervene in the condemnation suit. On July 27, 1987, the

lower court granted the City's motion for summary judgment on the issue of whether the taking was for a public purpose.[1]

## II.

The preliminary issue on appeal is whether ORI has standing to enforce its purported rights in the City's suit against Campbell Estate. The City avers that ORI only has an inferior statutory contract right[2] in the property because its lease is not registered in land court.[3] The City also avers that ORI's lease with Campbell Estate terminates upon condemnation. From this the City argues that ORI lacks standing to contest the condemnation.

A party has standing if he alleges such a personal stake in the outcome of the controversy that the court should exercise its remedial powers on his behalf. *Life of the Land v. Land Use Comm'n*, 63 Haw. 166, 172,

---

[1] Prior to this, on October 10, 1986, the City moved for summary judgment on the issue of ORI's standing, but this motion was denied on November 20, 1986. On May 6, 1987, ORI moved for summary judgment on the ground that the City could not condemn property to use as a sanitary landfill if the property was already being used as a sanitary landfill. This motion was denied on June 20, 1987.

[2] HRS § 501–101 reads in pertinent part:

No deed, mortgage, or other voluntary instrument, except a will and a lease for a term not exceeding one year, purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties[.]

[3] Leases of land court property must be registered. HRS § 501–121 reads as follows:

**Leases; registration required.** Leases of registered land for a term of one year or more shall be registered.

If the lease is not registered, then a good faith purchaser takes the property free from the unregistered lease. HRS § 501–82 reads in pertinent part:

**Tenure of holder of certificate of title.** Every applicant receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, hold the same free from all encumbrances except those noted on the certificate[.]

623 P.2d 431, 438 (1981). ORI has a personal interest in the outcome because it is an unrecorded lessee of the property being condemned. Thus, ORI has standing to challenge the validity of the taking.

### III.

Summary judgment is proper when there is no genuine issue as to any material fact. Whether the moving party is entitled to summary judgment is a question of law. *Maui Land & Pineapple Co. v. Dillingham Corp.*, 67 Haw. 4, 9, 674 P.2d 390, 394 (1984).

The State's power of eminent domain is limited only to the extent that the purpose of the taking is rationally related to the public objective sought, and just compensation must be paid for the property. Haw. Const. art. I, § 20; *Hawaii Hous. Auth. v. Lyman*, 68 Haw. 55, 704 P.2d 888 (1985). The City is statutorily endowed with the power of eminent domain. HRS Chapter 101; *City & County v. Midkiff*, 62 Haw. 411, 412 n.2, 616 P.2d 213, 215 n.2 (1980).

ORI argues that if land is already being used for a public purpose, then the City may not take it by eminent domain unless for a superior purpose to that which it is already being used. ORI bases this assertion on HRS §§ 101–7,[4] 101–51,[5] 101–53,[6] and case law. The City argues that the purpose to which the property is presently being put is irrelevant.

---

[4] HRS § 101–7 reads in pertinent part:

**Superior public use.** Property already appropriated to some public use may be taken by the State or a county in the manner and under the conditions provided by part III.

[5] HRS § 101–51 defines "Public property" as "real property (1) owned by a political subdivision of the State or (2) owned by the State in its own right and not owned by the United States." The phrase also excludes certain public lands enumerated in HRS § 171–2.

[6] HRS § 101–53 reads as follows:

**Property already appropriated to a public purpose.** Whenever the public property sought to be acquired has already been appropriated to some public purpose, in order that the property be acquired by the petitioner it must appear that the use to which the property is sought to be put is more necessary than the purpose to which it has already been appropriated.

ORI's argument is not persuasive because HRS §§ 101-7, 101-51, and 101-53 require that either the State or a county own the land. *See City & County v. Bennett*, 57 Haw. 195, 197 n.2, 552 P.2d 1380, 1384 n.2 (1976). In the present case, the land is owned by Campbell Estate.

On December 26, 1985, when the condemnation suit was brought, ORI had entered into a lease to operate a sanitary landfill[7] and had done other preliminary work. ORI had not yet completed the City and State administrative approval process. On that date ORI could not have reasonably expected to operate a sanitary landfill on the site because it had not completed the necessary preliminary requirements for actual operation. The issue raised by ORI is premature. If ORI had already commenced operation, we would be faced with a different situation. Therefore, under HRS Chapter 101, the City could exercise its power of eminent domain to condemn the Waimanalo Gulch land for use as a city run sanitary landfill. *City & County v. Midkiff*, 62 Haw. 411, 616 P.2d 213 (1980); *Hawaii Hous. Auth. v. Lyman*, 68 Haw. 55, 704 P.2d 888 (1985).

## IV.

The City's use of Waimanalo Gulch as a sanitary landfill is a public purpose and therefore the lower court's grant of summary judgment in favor of the City is affirmed.

*Stanley L. Ching* (*Paul Devens* and *Herbert T. Ikazaki* with him on the briefs; Ikazaki, Devens, Lo, Youth & Nakano, of counsel) for Intervenor, Defendant–Appellant.

*Winston K. Q. Wong*, Deputy Corporation Counsel, for Plaintiff–Appellee.

---

[7] It should be noted that ORI leased the property from Campbell Estate with full knowledge that the City had already focused its attention on Waimanalo Gulch as a primary site for a sanitary landfill.