DAVID–THOMAS COMPANIES,
INC., d/b/a DayCo Concrete
Company, Appellant,

v.

Gregory H. VOSS, et al., Defendants,

Henry S. Reinke, et al., Respondents,

Stewart Lumber Company,
et al., Appellants,

Quality Drywall, Inc., Appellant,

Five Star Welding & Fabricating,
Inc., Appellant.

No. C6–94–160.

Court of Appeals of Minnesota.

June 7, 1994.

Anthony J. Gleekel, James A. Yarosh, Siegel, Brill, Gruepner & Duffy, P.A., Minneapolis, for David–Thomas Co., Inc.

John G. Gisselquist, New Brighton, for Stewart Lumber Co., et al.

Timothy Grande, Mackall, Crounse & Moore, Minneapolis, for Quality Drywall, Inc., for appellant.

David J. Lenhardt, Foster, Waldeck, et al., Minneapolis, for Five Star Welding & Fabricating, Inc.

Joan M. Quade, Barna, Guzy, Steffen, Ltd., Minneapolis, for respondents.

Considered and decided by LANSING, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Lien claimants challenge dismissal of their mechanics' lien action, arguing that filing the lien with county recorder (rather than registrar of titles) was sufficient to preserve a lien on registered (Torrens) property. We disagree and affirm.

## FACTS

Respondents Henry S. and Marion R. Reinke own three contiguous parcels of prop-

erty located in Hennepin County. Respondents leased the property to the Farmers' Market Annex, Inc. (lessee). Pursuant to an agreement with the lessee, David–Thomas Companies, Inc., d/b/a DayCo Concrete and Company, Inc., Stuart Lumber Company, T. Schulz Company, Quality Drywall, Inc., and Five Star Welding & Fabricating, Inc. (appellants), provided labor and material for improvements on two of the three parcels. The improved parcels were registered in the Torrens system. The third parcel, for which appellants concede they provided no labor or materials, was unregistered abstract property.

On January 9, 1992, appellants filed a statement of the mechanics' lien with the county recorder of Hennepin County. The lien statement included a description of all three parcels. Appellants then brought this action to foreclose the lien on the Torrens parcels. Respondents moved for summary judgment on the basis that appellants, by not filing the statement with the registrar of titles, failed to preserve their lien. The district court granted respondents' motion. This appeal followed.

## ISSUE

Did the lien claimants preserve their mechanics' lien on Torrens property by filing the lien statement with the county recorder?

## ANALYSIS

■ On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Construction of the mechanics' lien statute is a question of law that this court reviews de novo. *Pella Prods., Inc. v. Arvig Tel. Co.*, 488 N.W.2d 316, 317 (Minn. App.1992), *pet. for rev. denied* (Minn. Sept. 30, 1992).

A mechanics' lien arises automatically upon the provision of labor or materials. Minn. Stat. § 514.01 (1992). The lien attaches when the lien claimant first furnishes labor or materials for the beginning of the improvement. Minn.Stat. § 514.05 (1992).

But

> the lien ceases at the end of 120 days after doing the last of the work, or furnishing the last item of skill, material or machinery, unless within this period:
>
> (1) a statement of the claim is filed for record with the county recorder of the county in which the improved premises are situated.

Minn.Stat. § 514.08, subd. 1(1) (1992). Accordingly, the issue is not how a lien on Torrens property first arises, but how it is preserved beyond 120 days.[1]

■ Here, appellants filed a statement of the claim with the county recorder. They argue that they have preserved their lien, having strictly complied with the mechanics' lien statute, even though the property at issue is registered in the Torrens system. Chapter 508, which governs Torrens property, generally does not, with respect to registered property, alter the legal rights and liabilities "applicable to unregistered land except as otherwise expressly provided herein." Minn.Stat. § 508.02 (1992); *accord Armstrong v. Lally*, 209 Minn. 373, 375–76, 296 N.W. 405, 405–06 (1941) (law applies to Torrens property the same as it applies to non-Torrens property, unless the Torrens Act provides otherwise). In reliance on section 508.02, appellants argue that section 514.08 applies to mechanics' liens on Torrens property as well as to liens on non-Torrens property because no provision in chapter 508 expressly provides that the statement must be filed with the registrar of titles. And, generally,

> [a]ttachments and liens of every description upon registered land shall be continued, reduced, discharged, and dissolved by any method sufficient therefor in the case of unregistered land.

1. Here, the last work was performed on September 20, 1991, and appellants filed the statement on January 9, 1992. Thus, there is no issue as to the timeliness of the filing. Furthermore, appellants did not raise any issue as to the sufficiency

of a single statement for work performed on multiple parcels, the effect of the lien on the adjoining unregistered parcel, or the accuracy of the property description in the lien statement.

Minn.Stat. § 508.64 (1992). But this section also states:

> All certificates, writings, or other instruments permitted or required by law to be filed or recorded to give effect to the enforcement, *continuance*, reduction, discharge, or dissolution of attachments or other liens upon unregistered land or to give notice of the same, shall, in the case of like liens upon registered land, *be filed with the registrar.*

*Id.* (emphasis added). Thus, once a mechanics' lien on Torrens property arises, to preserve the lien beyond 120 days, the lien claimant must file the claim with the registrar of titles, not the county recorder.[2]

This reconciliation of section 508.64 with the general mechanics' lien provision of section 514.08 is supported by other provisions of the Torrens Act.

> Every * * * lien * * * which would affect the title to unregistered land under existing laws, if recorded, or filed with the county recorder, shall, in like manner, affect the title to registered land if filed and registered with the registrar in the county where the real estate is situated.

Minn.Stat. § 508.48 (1992). The negative inference of this provision is that a title to registered property is not encumbered unless the lien is filed and registered with the county registrar. Our conclusion is also consonant with the fact that an owner holding a certificate of title "shall hold it free from all encumbrances and adverse claims" other than those noted on it. Minn.Stat. § 508.25 (1992). (There are several enumerated exceptions not relevant here.)[3]

Finally, our conclusion is supported by the entire purpose of the Torrens system. Torrens registration provides a definitive means to determine the state of title through the inspection of a single document—the certificate of title—except for those interests enumerated in section 508.25. *Mill City Heating & Air Cond. v. Nelson*, 351 N.W.2d 362, 364–65 (Minn.1984).

■ Although mechanics' lien laws are construed liberally after the lien has been created, they are strictly construed as to the creation of a lien. *Dolder v. Griffin*, 323 N.W.2d 773, 780 (Minn.1982) (notice requirement of section 514.011 is a prerequisite to creation of valid lien and thus must be strictly followed) (quoting 76 A.L.R.3d 605, 618 (1977)). Similarly, this court has strictly interpreted section 514.08, subdivision 1(2), as a requirement for the continued existence of the lien. *Pella Products*, 488 N.W.2d at 318 (service of lien statement by first class mail does not meet requirement of personal service or certified mail because mechanics' lien statutes "must be strictly followed with regard to all requirements upon which the right to a lien depends"). Likewise, the timing requirement of section 514.08 is strictly construed so that failure to file the lien statement within 120 days after completion of the work defeats the lien. *George Sedgwick Heating & Air Cond. v. Riverwood Cos.*, 409 N.W.2d 289, 291 (Minn.App.1987); *Bloomington Elec. Co. v. Freeman's, Inc.*, 394 N.W.2d 605, 607 (Minn.App.1986), *pet. for rev. denied* (Minn. Dec. 17, 1986).

Here, proper filing with the registrar of titles in accordance with section 514.08 is essential to the continued existence of the lien. Proper filing is not a mere technicality because an improperly filed lien will not appear on the certificate of title.

It appears that the practice of the county recorder's offices is to file a purported encumbrance if a parcel in the index matches the lien statement description. But the mere act of filing does not validate a lien that is filed in the wrong office. Appellants' lien on registered property cannot be sustained by filing a statement—with an expansive prop-

---

**2.** Appellants' argument that the Torrens Act only concerns third parties is without merit. The statute does not provide that the lien will not be unenforceable against good faith purchasers if it is not filed properly; the statute states that the lien "ceases" unless the lien statement is properly filed. Minn.Stat. § 514.08.

**3.** The seventh exception—for "any outstanding mechanics lien rights which may exist under sections 514.01 to 514.17"—refers only to a lien that has arisen by virtue of the provision of labor or materials but has not yet reached the 120-day maturity, the age by which it must have been preserved by registration. Minn.Stat. § 508.-25(7) (1992).

erty description—on unregistered property based only on the fortuitous fact that the Torrens property they improved was adjacent to unregistered property that they did not improve.

Accordingly, we hold that to preserve a mechanics' lien on Torrens property, the lien statement must be filed with the registrar of titles.[4]

## DECISION

The lien on registered property expired after 120 days for failure of lien claimant to file the lien statement with the registrar of titles.

**Affirmed.**

---

4. Although we conclude that appellants' literal reading of section 514.08 in isolation is untenable in light of the overall statutory scheme, we believe that a legislative clarification of this issue would benefit the practice of law in Minnesota. Amending section 514.08 to indicate that a lien on registered property can only be preserved by filing a statement with the registrar of titles would have precluded the present dispute. Until clarification, however, section 514.08 must be read in light of section 508.64.