# FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000380
09-JAN-2026
07:55 AM
Dkt. 120 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

DAN DAN ZHANG, by and through her managing agent
HONOLULU MANAGEMENT LLC, Plaintiff-Appellee, v.
DI WU, Defendant-Appellant.

NO. CAAP-23-0000380

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAU POKO DIVISION
(CASE NO. 1DRC-22-0005097)

JANUARY 9, 2026

HIRAOKA, PRESIDING JUDGE, AND WADSWORTH AND GUIDRY, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

This appeal stems from a dispute between Defendant-Appellant Di Wu (**Wu**) and Plaintiff-Appellee Dan Dan Zhang (**Zhang**) regarding the possession of residential property located in Kailua, Oʻahu (the **Property**), which is registered in the Land Court of the State of Hawaiʻi (**Land Court**). Zhang, the owner of the Property, filed a complaint for ejectment and damages against Wu, alleging that he was in possession of the Property without legal authority or permission. Wu, on the other hand, claimed that he and Zhang had agreed that Wu would rent and reside at the Property under the terms of a ten-year lease (**Lease**). The

District Court of the First Circuit[1] (**District Court**) concluded that the alleged Lease could not confer any possessory interest in the Property to Wu because it was not registered in the Land Court. The District Court entered judgment for possession in favor of Zhang.

Wu appeals from the Judgment for Possession and Writ of Possession, both entered on June 6, 2023. Wu also challenges the June 1, 2023 "Order Granting [Zhang's] Motion for Summary Judgment, Filed April 5, 2023" (**Order Granting MSJ**).[2] Wu contends that the District Court erred in granting summary judgment and entering judgment for possession in favor of Zhang: (1) based on the court's determination that the alleged Lease "was 'invalid' and not a 'conveyance' that could bind the parties under [Hawaii Revised Statutes (**HRS**)] §§ 501-101 and -121[,]" quoted infra; and (2) because genuine issues of material fact exist regarding the existence or non-existence of the Lease. Wu also contends that the District Court abused its discretion by refusing to grant a continuance of the hearing on Zhang's motion for summary judgment (**MSJ**) pursuant to District Court Rules of Civil Procedure (**DCRCP**) Rule 56(f) to allow further discovery.

In her answering brief, Zhang contends that Wu's appeal is moot because he voluntarily vacated the Property prior to execution of the Writ of Possession.

At the outset, we hold that Wu's appeal is not moot. Because the alleged Lease does not expire until July 2031, its validity is still a "live" and justiciable issue, and it may still be possible to award Wu effective relief.

On the merits, we hold that the District Court erred in concluding that the alleged Lease could not confer any possessory interest in the Property to Wu as a matter of law because it was unregistered. The plain language of HRS § 501-101 makes clear

---

[1] The Honorable James C. McWhinnie presided.

[2] In his notice of appeal, Wu also purports to challenge the June 6, 2023 order denying Wu's Ex Parte Motion to Stay Execution of Writ of Possession. However, Wu's opening brief presents no point of error or argument regarding the order. Any challenge to the order is thus disregarded. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), (7).

that an unregistered instrument such as the alleged Lease cannot effect a conveyance or bind the land, but that it "shall operate . . . as a contract between the parties[.]"[3/]  Here, that means the Lease, if otherwise valid, was an enforceable contract between Zhang and Wu that could confer a possessory interest in the Property to Wu.  The District Court therefore erred in granting Zhang's MSJ and entering the Judgment for Possession.

Accordingly, we vacate the Order Granting MSJ, the Judgment for Possession, and the Writ of Possession.

## I. Background

On August 15, 2022, Zhang filed a complaint for ejectment and damages against Wu in the District Court.  Zhang attached a copy of a warranty deed conveying the Property to her, recorded in the Land Court on July 3, 2019, and a copy of a notice to vacate sent by Zhang's attorneys to Wu on August 3, 2022.

On September 1, 2022, Wu answered Zhang's complaint. He asserted several defenses, including that the District Court lacked jurisdiction, because "under HRS § 604-5(d),[4/] title to

---

[3/]     HRS § 501-101 (2018) provides:

> **Voluntary dealing with registered lands**.  An owner of registered land may convey, mortgage, lease, charge, or otherwise deal with the same as fully as if it had not been registered.  The owner may use forms of deeds, mortgages, leases, or other voluntary instruments like those now in use and sufficient in law for the purpose intended. No deed, mortgage, or other voluntary instrument, except a will and a lease for a term not exceeding one year, purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties, and as evidence of authority to the registrar or assistant registrar to make registration.  The act of registration shall be the operative act to convey or affect the land, and in all cases under this chapter the registration shall be made in the office of the assistant registrar in the bureau of conveyances, during office hours prescribed in section 502-32.  The rules of court may provide for forms of conveyances respecting registered land.

[4/]     HRS § 604-5(d) (2016) provides:

> The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question, nor actions for libel, slander, defamation of
> (continued...)

3

[the Property] is at issue."  (Footnote added.)  In a declaration attached to his answer, Wu acknowledged that the deed to the Property recorded in Land Court was only in Zhang's name, but asserted that based on an agreement with Zhang, Wu had an interest in the Property "closer to fifty percent (50%)."  Wu's declaration referred to an attached August 16, 2022 first amended complaint, filed by Wu against Zhang in the Circuit Court of the First Circuit (**Circuit Court**), under which Wu claimed an ownership interest in the Property.[5]  The first amended complaint, in turn, referred to an alleged agreement between Wu and Zhang regarding their joint purchase of the Property (**Joint Venture Agreement**), and included an attached copy of the agreement "in Chinese and in English translation."  Wu's answer to Zhang's complaint for ejectment did not allege that he held a lease to the Property.

On December 30, 2022, Wu filed a motion for leave to file a counterclaim against Zhang.  The proposed counterclaim alleged that in June 2021, Wu and Zhang agreed that Wu would rent and reside at the Property under a ten-year lease, *i.e.*, the Lease, and raised various claims relating to Zhang's alleged breach of the Lease and the Joint Venture Agreement.  The motion was supported by Wu's declaration authenticating a written

---

[4] (...continued)
character, malicious prosecution, false imprisonment, breach of promise of marriage, or seduction; nor shall they have power to appoint referees in any cause.

[5]     We take judicial notice of the court records in the related circuit court proceeding, Wu v. Zhang, Civil No. 1CCV-22-0000964.  See Hawaii Rules of Evidence Rule 201; State v. Abdon, 137 Hawaiʻi 19, 26, 364 P.3d 917, 924 (2016) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." (quoting State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985))).

On November 3, 2022, the Circuit Court entered an order granting Zhang's motion to partially dismiss Wu's complaint with prejudice (**Partial Dismissal Order**).  Findings of Fact, Conclusions of Law, and Order Granting Defendant Zhang's Rule 12(b)(6) Motion to Partially Dismiss Complaint with Prejudice, Wu v. Zhang, Civil No. 1CCV-22-0000964, Judiciary Information Management System (**JIMS**) dkt. 43.  The court ruled that, because Zhang held a transfer certificate of title to the Property registered in Land Court, and Wu took no steps to contest the title within one-year of the registration, as required by HRS § 501-71, Wu was precluded from asserting any rights to title to the Property.  Wu's claims asserting rights to title were therefore dismissed with prejudice.  Id. at 3-4.

Residential Lease Agreement for a ten-year term beginning on July 1, 2021, with an annual rent of $20,000, payable on the last day of the year. Zhang's memorandum in opposition to the motion did not deny the Lease's existence, but instead argued that Wu's counterclaims were not compulsory and were duplicative of claims Wu had asserted in the related Circuit Court case. On January 27, 2023, the District Court entered an order denying Wu's motion for leave to file a counterclaim, but did not state a reason for the denial.

On March 9, 2023, Wu filed a motion for leave to file a counterclaim against Zhang and Zhang's property manager, Honolulu Management LLC (**Second Motion to File Counterclaim**). The proposed counterclaim against Zhang again raised various claims relating to the alleged breach of the Lease and other wrongful conduct by Zhang. On April 4, 2023, the District Court entered an order denying Wu's Second Motion to File Counterclaim, stating that "[t]he rental agreement made the subject of the proposed counterclaim, which purports to be for a ten (10) year term, is invalid because it was not registered with the Land Court of the State of Hawaiʻi as required by [HRS] § 501-121."[6] The court ruled that "[Wu's] proposed counterclaim is therefore futile."

On April 5, 2023, Zhang filed the MSJ. She argued that based on the Circuit Court's Partial Dismissal Order (see supra note 5), and the District Court's ruling that the Lease was invalid, she was entitled to possession of the Property. Wu opposed the motion, arguing that: (1) genuine issues of material fact regarding the existence and terms of the Lease precluded summary judgment in Zhang's favor; (2) the District Court erred in determining that the Lease was invalid; and (3) alternatively, the MSJ hearing should be continued under DCRCP Rule 56(f).

Following hearings on April 21, 2023, and May 5, 2023, the District Court granted the MSJ. After referring to the

---

[6] HRS § 501-121 (2018) provides:

> **Leases; registration required.** Leases of registered land for a term of one year or more shall be registered.

requirements of HRS §§ 501-101 and -121, the court stated:

> [W]ith regard to the motion for summary judgment that was argued earlier filed by the Plaintiffs, and based upon the statute and the cases, including City and County [of Honolulu v. A.S.] Clarke, Inc., [60 Haw. 40, 587 P.2d 294 (1978),] the motion for summary judgment by the Plaintiff is granted.
>
> . . . I believe that the Defendant under the applicable law, if they can prove that there is a valid lease, may have a breach of contract claim, but not a claim that took effect as a conveyance or that bound the land.

The court thus appeared to reason that HRS §§ 501-101 and -121 prevented the alleged unregistered Lease from conferring any possessory interest in the Property to Wu.

On June 1, 2023, the District Court entered the Order Granting MSJ, as well as an amended order denying Wu's Second Motion to File Counterclaim. The amended order concluded that "[t]he alleged rental agreement made the subject of the proposed counterclaim which purports to be for a ten-year term shall not be effective as a conveyance and does not bind the land because it was not registered with the Land Court . . . as required by [HRS] §§ 501-101 and 501-121."

On June 6, 2023, the District Court entered the Judgment for Possession and the Writ of Possession. The next day, Wu filed his notice of appeal.

On July 26, 2023, the parties filed a stipulation in the District Court, which, among other things, stated that "under threat of execution on the Writ of Possession, and on objection by . . . Wu," Wu and his family had vacated the Property.

## II. Standards of Review

### A. Summary Judgment

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (quoting First Ins. Co. of Hawaiʻi v. A & B Props., Inc., 126 Hawaiʻi 406, 413, 271 P.3d 1165, 1172 (2012)).

### B. Conclusions of Law

A district court's conclusions of law are reviewed de

6

novo under the right/wrong standard.  State v. Entrekin, 98 Hawaiʻi 221, 225, 47 P.3d 336, 340 (2002) (citing Child Support Enf't Agency v. Roe, 96 Hawaiʻi 1, 11, 25 P.3d 60, 70 (2001)).

### C.    Interpretation of a Statute

"Statutory interpretation is a question of law reviewable de novo."  Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023) (quoting State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009)).

### III. Discussion

### A.  Wu's Appeal is Not Moot

We first address Zhang's argument that this appeal is moot.  She asserts that because Wu "voluntarily" vacated the Property prior to execution of the Writ of Possession, any issues relating to possession of the Property are now moot.[7]

Under Hawaiʻi law, mootness is an issue of justiciability.  See State v. Hewitt, 153 Hawaiʻi 33, 42, 526 P.3d 558, 567 (2023).  The mootness doctrine applies "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised."  Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) (quoting Lathrop v. Sakatani, 111 Hawaiʻi 307, 312-13, 141 P.3d 480, 485-86 (2006)).  In short, "a case is moot if the reviewing court can no longer grant effective relief."  Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (emphasis and brackets omitted) (quoting Kemp v. State of Hawaiʻi Child Support Enf't Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)).

In support of its mootness argument, Zhang relies on this court's decision in Crown Properties, Inc. v. Fin. Sec. Life

---

[7]    On January 12, 2024, Zhang filed a motion to dismiss this appeal for mootness, which raised the same argument.  On February 8, 2024, this court entered an order that, among other things, denied the motion to dismiss.

Ins. Co., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985). There, we stated that "[t]he termination of possession without the execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and of the writ itself." Id. at 112, 712 P.2d at 509. It appears, however, that the sublease at issue in Crown Properties had expired before the sublessee's appeal was decided. Id. at 106-07, 712 P.2d at 506. There was therefore no basis for the sublessee to regain possession of the subleased property. See Smith v. Tubal, No. CAAP-14-0000782, 2014 WL 7369634, at *2 (Haw. App. Dec. 29, 2014) (SDO) (concluding that an appeal from a judgment of possession was moot, in part because the appellant's lease had terminated, and the appellant had not demonstrated a basis to regain possession, even if the court vacated the judgment for possession).

Here, in contrast, the alleged Lease does not expire until July 2031. The validity of the Lease is therefore still a "live" and justiciable issue, and it may still be possible to award Wu effective relief. Because we decide below that the District Court erred in granting summary judgment to Zhang, on remand, Wu may seek to prove the existence of the alleged Lease and to enforce its terms relating to possession of the Property.[8] Cf. Scholes v. Kiyoshi Kawaguchi, 142 Hawaiʻi 360, 364, 419 P.3d 1029, 1033 (App. 2017) (ruling that an appeal taken subsequent to issuance of a writ of possession was not moot where the appellant still had pending claims raising issues of title to the property in a separate circuit court action).[9] Accordingly, this appeal is not moot.

---

[8] Wu also argues that because the Writ of Possession was served and "executed" by Zhang's process server on June 6, 2023, Wu never voluntarily gave up possession of the Property. Given our disposition of the mootness issue, we need not decide this alternative argument.

[9] We note that the claims currently pending in Wu's Circuit Court case do not appear to raise the issue of title to the Property; rather, they relate to the Lease and possession, as well as to the Joint Venture Agreement, and include claims for specific performance of the Lease and the Joint Venture Agreement. See Second Amended Verified Complaint, Wu v. Zhang, Civil No. 1CCV-22-0000964, JIMS dkt. 236.

**B.          The District Court Erred in Granting the MSJ**

Wu contends that the District Court erred in granting the MSJ based on a misreading of HRS §§ 501-101 and -121. Specifically, Wu argues that the District Court erroneously ruled that the alleged Lease of the Property was invalid and could not confer any possessory interest in the Property to Wu because it was not registered with the Land Court.

The Hawaiʻi Supreme Court has explained the purpose of the Torrens Land Act as follows:

> The legislature created the Land Court with the passage of the Torrens Land Act (**Act**) in 1903, which is today codified in HRS Chapter 501 as amended.  1903 Haw. Sess. Laws Act 56, § 2 at 279.  The purpose of the system created by the Act "is to conclusively establish title to land through the issuance of a certificate of title." Aames Funding Corp. v. Mores, 107 Hawaiʻi 95, 101, 110 P.3d 1042, 1048 (2005).  The holder of a certificate of title holds it "free from all encumbrances except those noted on the certificate in the order of priority of recordation" and other statutorily enumerated encumbrances.  HRS § 501-82(a) (Supp. 2016).  Thus, "a land court certificate of title is 'conclusive and unimpeachable' with regard to 'all matters contained therein,'" which is "the fundamental difference between a certificate of title issued by the land court and a recordation of title at the bureau of conveyances."

Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 446-47, 420 P.3d 370, 377-78 (2018) (brackets omitted, emphasis added).  The court further stated, "[t]hus, in many instances the statutory framework essentially renders the State as a guarantor of the certificate of title issued by the Land Court."  Id. at 449, 420 P.3d at 380.

HRS § 501-101, quoted supra, furthers the Act's purpose of conclusively establishing title to real property by requiring, subject to exceptions not relevant here, the registration of instruments conveying an interest in Land Court property.[10/]  The operative third and fourth sentences of this section state, in relevant part:

---

[10/]     "Land Court property" refers to real property that has been registered under the Land Court system established by the Torrens Land Act. The Land Court system is one of two systems for recording title to real property in Hawaiʻi, the other being the Bureau of Conveyances or "regular" system.  Omiya, 142 Hawaiʻi at 446, 452, 420 P.3d at 377, 383.

> No deed, mortgage, or other voluntary instrument, except a will and a lease for a term not exceeding one year, purporting to convey or affect registered land, <u>shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties</u>, and as evidence of authority to the registrar or assistant registrar to make registration. The act of registration shall be the operative act to convey or affect the land . . . .

HRS § 501-101 (emphasis added). The two exceptions to the registration requirement, conveyances pursuant to a will, and leases for terms not exceeding one year, are addressed in other sections of the Land Court statute. <u>See</u> HRS §§ 501-171, 501-82(5).

Wu does not dispute that the Property is Land Court property and thus subject to the requirements of HRS Chapter 501. Nor does he dispute that Zhang is the legal owner of the Property. Under HRS § 501-121, a lease of "registered land for a term of one year or more shall be registered" in Land Court. The alleged Lease was not so registered. Under HRS § 501-101, any voluntary instrument purporting to convey or affect Land Court property shall not take effect as a conveyance or bind the land unless the instrument is properly registered with the office of the Assistant Registrar. "The ordinary effect of a failure to register a leasehold interest in Land Court property is that every subsequent good faith purchaser who takes the certificate of title for value holds the registered property free from the unregistered leasehold interest." <u>A.S. Clarke</u>, 60 Haw. at 44-45, 587 P.2d 297 (citing HRS § 501-82 (1976)). However, the plain language of HRS § 501-101 also mandates that an unregistered instrument such as the alleged Lease "shall operate . . . as a contract between the parties." The issue here is whether the alleged Lease as between Zhang and Wu, if otherwise valid, could have conferred a possessory interest in the Property to Wu via contract, which affected Zhang's alleged right to possession.

No reported Hawaiʻi appellate decision appears to have determined the nature or extent of the contractual rights referenced in HRS § 501-101. In two cases discussing HRS § 501-101, the supreme court has ruled that parties taking title to Land Court property under registered certificates of title take the property free from unregistered leases or conveyances of

10

title.  See A.S. Clarke, Inc., 60 Haw. at 44-47, 587 P.2d at 297-99 (holding that a lessee under an unregistered long-term lease was precluded from asserting any interest against the City and County of Honolulu, which the court treated as a subsequent good-faith purchaser under HRS § 501-82, in eminent domain proceedings); Packaging Prods. Co. v. Teruya Bros., 58 Haw. 580, 584-85, 574 P.2d 524, 527-28 (1978) (holding that a good-faith purchaser taking title to property under a deed recorded in Land Court could not be divested of title by a prior unregistered bill of sale conveying the same property).

In City and Cnty. of Honolulu v. F.E. Trotter, Inc., 70 Haw. 18, 757 P.2d 647 (1988), the lessee of a landfill under an unregistered lease of Land Court property challenged the City's eminent domain action against the property on the grounds that the land was already being used for a public purpose, and the City was required to show that its desired use of the condemned land was for a superior public purpose.  Id. at 20-21, 757 P.3d at 649-50.  The supreme court ruled that the lessee had "a personal interest in the outcome" under the unrecorded lease sufficient to give it standing to challenge the condemnation, but did not otherwise discuss the nature or extent of that interest. Id.

In construing HRS § 501-101, "our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose."  Lingle v. Hawaiʻi Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawaiʻi 178, 183, 111 P.3d 587, 592 (2005) (quoting Guth v. Freeland, 96 Hawaiʻi 147, 150, 28 P.3d 982, 985 (2001)).  The plain language of HRS § 501-101 makes clear that an unregistered instrument such as the alleged Lease cannot effect a conveyance or bind the land, but that it "shall operate . . . as a contract between the parties."  As stated in Omiya, "[t]he purpose of the system created by the Act 'is to conclusively establish title to land through the issuance of a certificate of title.'"  142 Hawaiʻi at 446-47, 420

11

P.3d at 377-78.  That purpose is served in these circumstances by recognizing the Lease, if otherwise valid, as an enforceable contract between Zhang and Wu, but not as an instrument that binds the Property as to others.

The supreme court has instructed:

> Leases are essentially contractual in nature and are reviewed under principles of contract law.  Cho Mark Oriental Food v. K & K Int'l, 73 Haw. 509, 519, 836 P.2d 1057, 1063 (1992); Maui Land & Pineapple Co. v. Dillingham Corp., 67 Haw. 4, 10, 674 P.2d 390, 394 (1984) (leases should be analyzed under principles of contract law); Lau v. Bautista, 61 Haw. 144, 149, 598 P.2d 161[,] 165 (197[9]) ("a lease is essentially a contractual relationship"); Lemle v. Breeden, 51 Haw. 426, 433, 462 P.2d 470, 475 (1969) (a lease is "more importantly[ ] a contractual relationship").  "Absent an ambiguity, contract terms should be interpreted according to their plain, ordinary, and accepted sense in common speech."  Cho Mark, 73 Haw. at 520, 836 P.2d at 1064.  Moreover, the "construction and the legal effect to be given a contract is a question of law freely reviewable by an appellate court."  Id. at 519, 836 P.2d at 1063.

Aickin v. Ocean View Invs. Co., 84 Hawaiʻi 447, 457, 935 P.2d 992, 1002 (1997) (quoting Hi Kai Inv., Ltd. v. Aloha Futons Beds & Waterbeds, Inc., 84 Hawaiʻi 75, 78, 929 P.2d 88, 91 (1996)).

Here, the alleged Lease provides that Zhang leases the Property to Wu for a 10-year term from July 1, 2021, with an annual rent of $20,000, payable on the last day of the year.  Under the terms of the alleged Lease, "[b]oth parties agree . . . [the Property] shall be used and occupied by [Wu] and [Wu's] family, and other rentals or sublease purpose [sic]."  The alleged Lease thus appears to reflect Wu's contractual bargain for possession of the Property during the 10-year term.  In these circumstances, we conclude that HRS §§ 501-101 and 501-21 did not invalidate the alleged Lease as between Zhang and Wu as a matter of law, merely because it was unregistered, or otherwise prevent the alleged Lease from conferring any possessory interest in the Property to Wu via contract.[11/]  A contrary conclusion would

---

[11/]    The Minnesota Supreme Court reached a similar conclusion in construing that state's analogous Torrens statute in an unlawful detainer action.  See Cook v. Luettich, 252 N.W. 649 (Minn. 1934).  There, the plaintiff Cook received a quitclaim deed for the subject property from the defendant Luettich, and on the same date leased the property back to Luettich for a term of eleven and one-half months.  After the lease term expired, Luettich remained on the premises, resulting in Cook's unlawful detainer

(continued...)

appear to allow any landlord who leases Land Court property to a tenant for a term of more than one year, where the lease is not registered, to unilaterally terminate the tenancy and evict the tenant. Such a result would fly in the face of HRS §§ 501-101, which expressly protects the contractual rights of the parties to such a lease.

Accordingly, we conclude that the District Court erred in granting the MSJ based on its determination that the alleged Lease of the Property could not confer any possessory interest in the Property to Wu as a matter of law, because it was not registered with the Land Court. Our conclusion also disposes of Wu's second contention – that summary judgment should not have been granted because there remained genuine issues of material fact as to whether the alleged Lease was valid. The District Court never considered whether the alleged Lease was otherwise valid because it determined that the Lease could not confer a possessory interest to Wu as a matter of law pursuant to HRS §§

---

11/ (...continued)
action. In defending against the suit, Luettich relied on a Minnesota statute similar to HRS § 501-101, which stated that unregistered deeds shall not take effect as conveyances. Luettich argued that because Cook did not have registered title to the property, she could not sue for possession.

> The court rejected Luettich's argument, stating:

> The claim is without merit. It is based on section 8293, Mason's Minn. St. 1927, which reads as follows: 'An owner of registered land may convey, mortgage, lease, charge or otherwise deal with the same as fully as if it had not been registered. He may use any form of deed, mortgage, lease or other voluntary instrument sufficient in law for the purpose intended. <u>No voluntary instrument of conveyance purporting to convey or affect registered land, except a will, and a lease for a term not exceeding three years, shall take effect as a conveyance, or bind or affect the land, but shall operate only as a contract between the parties</u>, and as authority to the registrar to make registration. The act of registration shall be the operative act to convey or affect the land.'

252 N.W. at 649 (emphasis added). The court affirmed the lower court's judgment placing the plaintiff in possession of the property pursuant to the unregistered deed, stating, "[u]nder that provision, although the unregistered quitclaim deed did not affect the title nor create any interest in the premises, it did operate as a contract between the parties." Id. See also Hacken v. Isenberg, 124 N.E. 306, 311 (Ill. 1919) (construing the Illinois Torrens Act and concluding that an unregistered lien operated as a contract and was enforceable between the parties to the lien, but not "as against subsequent purchasers, creditors, etc." until it was registered under the Act).

501-101 and -121.

Given our disposition, we need not reach Wu's remaining contentions.

### IV.   Conclusion

For the reasons discussed above, we vacate the District Court's:  (1) June 1, 2023 "Order Granting Plaintiff's Motion for Summary Judgment, Filed April 5, 2023"; (2) June 6, 2023 Judgment for Possession; and (3) June 6, 2023 Writ of Possession.  The case is remanded to the District Court for further proceedings consistent with this Opinion.


On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Stephanie E.W. Thompson
(Starn O'Toole Marcus & Fisher)
for Defendant-Appellant                 /s/ Clyde J. Wadsworth
                                        Associate Judge
Yuriko J. Sugimura,
Scott I. Batterman,
Matthew H. Murakami                     /s/ Kimberly T. Guidry
(Clay Iwamura Pulice & Nervell)    Associate Judge
and
John P. Manaut,
Kai Wang, and
Steven M. Egesdal
(Carlsmith Ball LLP)
for Plaintiff-Appellee